HODGE-DOWNEY CONSTRUCTION COMPANY v. CARSON.

Opinion delivered October 30, 1911.

1. RAILROADS—DEGREE OF CARE REQUIRED.—In an action against a construction company, maintaining a system of gravel trains for negligently allowing a car to run down its tracks and injure plaintiff's horse and delivery wagon, an instruction which placed upon the defendant the duty of exercising "the greatest degree of care" for the protection of property near its tracks, instead of the exercise of ordinary care, is erroneous.  (Page 436.)

2. INSTRUCTIONS—CONFLICT.—Erroneous instructions are not cured by correct but conflicting instructions.  (Page 436.)

Appeal from Drew Circuit Court; *Henry W. Wells*, Judge; reversed.

## STATEMENT BY THE COURT.

Plaintiff sued the defendant for damages to a wagon and harness, alleging that it owned and operated a system of gravel trains, locomotives and cars and hauled and distributed gravel from its pit near Monticello, in Arkansas, along the tracks of the Iron Mountain railroad. That the plaintiff was engaged in the sale of meats, and sent for delivery some meat to the camp at said gravel pit; while the delivery was being made, the defendant, through its agents and employees, negligently and carelessly allowed a car to run down the tracks, near which plaintiff's delivery wagon and horse hitched thereto were standing, and, without any fault or carelessness on the part of plaintiff, defendant, through its careless handling of said car, frightened plaintiff's horse, causing him to run away and to greatly injure himself and the harness and to destroy the wagon. That defendant was further negligent in not having brakes on said car, and that, if it had been properly equipped with brakes, defendant's employees could have stopped it and prevented the fright to plaintiff's horse and the consequent damages to his property. Plaintiff prayed damages in the sum of $65. Defendant denied any negligence on its part, and alleged assumed risk and contributory negligence.

The testimony tended to show that plaintiff's son took some meat in the delivery wagon out to the camp at the gravel pit, leaving his horse near the end of a switch, upon which loose cars that were to be loaded with gravel were banked and held, at a place which was customarily used by those coming to the camp for the sale and delivery of produce there. That he left the horse in charge of Bert Dumas, who was holding him while he delivered the meat. Returning, he saw that a car had gotten loose and started down the hill toward the horse. He ran to the horse, turned him around, and the horse, frightened by the noise and approaching car, broke loose and ran away, injuring himself, the wagon and harness. It seems that the moving car was the dining or boarding car, left standing nearest the end of the switch hard by the commissary where supplies were kept. It was not disclosed whether or not there were any brakes upon this car, which was going slowly, just a little more than moving, and one or two persons

tried to stop it by putting chunks under the wheels. There was testimony as to the amount of damages.

The court, among other instructions, gave for the plaintiff, over the defendant's objections, the following:

"The court instructs the jury that, in the operation of its trains and cars, for the protection of persons and property about its yards, defendant is held to the greatest degree of care; and if you find from the evidence that the car of defendant frightened plaintiff's horse, causing it to run away, and that said car was not equipped with brakes, or that the brakes on the car were not in working order, and that defendant, through its agents and employees, knocked or bumped said car and started same to rolling towards plaintiff's horse, and that plaintiff, or his agent in charge of said horse, did all that a reasonable and prudent person could do to prevent the injury, you will find for the plaintiff, in such damages as the evidence shows he sustained."

The jury returned a verdict for plaintiff, assessing his damages at $35, and from the judgment thereon defendant appealed.

*R. W. Wilson*, for appellant.

The fourth instruction is erroneous because it is abstract and because it is an incorrect statement of the law. A railroad company is held only to an ordinary degree of care toward persons and property about its premises. Hutchinson, Carriers, 935, 941; 3 Thompson, Neg. 274, 276; 90 Ark. 378; 70 Ark. 136; 65 Ark. 255; 97 Cal. 114.

An instruction which has a tendency to mislead the jury, and probably did so, is erroneous, even though the other instructions given were correct. 24 Ia. 582; 30 O. St. 235; 79 Pa. St. 311.

*Williamson & Williamson*, for appellee.

The words "greatest degree of care" in the fourth instruction were not prejudicial. When considered in connection with the remainder of the same instruction, and with the other instructions, they are seen to be useless and of no effect.

When a judgment is right upon the facts in the whole case, it should be affirmed, notwithstanding error in the instruc-

tions.    64 Ark. 238; 73 Ark. 453; 74 Ark. 256; *Id.* 377; 75 Ark.
261; 98 Ark. 259.

Kirby, J., (after stating the facts.)    It is insisted here
that the court erred in giving said instruction No. 4, and
we have concluded that the contention is correct.    Said
instruction tells the jury that, for the protection of persons and
property about its yards, a railroad company is held to the
greatest degree of care, and also that if the car was not equipped
with brakes, or the brakes on the car were not in working
order, and defendant, through its agents and employees, bumped
the car and started same towards the plaintiff's horse, and
plaintiff did all that a reasonable and prudent person could
do to prevent the injury, they should find for the plaintiff.

The court erred in giving this instruction.    It is not
only abstract, but incorrect.

There was no testimony showing that the loose car was not
supplied with adequate brakes in good working order, and the
instruction requires a higher degree of care of railroad com-
panies for the protection of persons and property rightfully
about their stations and trains than the law demands.    A
carrier is only bound to the exercise of ordinary care for the
protection of passengers while in and about its stations.
*St. Louis, I. M. & S. Ry. Co.* v. *Woods*, 96 Ark. 311.    And it
is bound to no higher degree of care for the protection of per-
sons and property who may be rightfully there or about its
yards, other than in the capacity of passengers.

The question of negligence upon the part of the defendant
under the circumstances was one for the jury, and should have
been submitted upon proper instructions.    Said instruction
told the jury that if said car was bumped or started rolling
by defendant and not equipped with brakes, or the brakes
were not in working order, they would find for the plaintiff,
if he was not negligent; in effect, declaring said act of the defend-
ant in failing to have brakes on said car in working order
negligence *per se*, for which a recovery might be had.    Other
instructions correctly declared the law, but, being in conflict
with this one, did not remedy the error and render it harmless.
*St. Louis, I. M. & S. Ry. Co.* v. *Woods, supra.*    The judgment
is reversed, and the cause remanded for a new trial.

Mr. Justice Wood dissents, thinking that upon the whole
case the judgment is right.