ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

*v.* STEED.

Opinion delivered October 28, 1912.

1. MASTER AND SERVANT—NEGLIGENCE—REPAIR OF DEFECTIVE APPLIANCE.—Evidence that the master subsequently repaired a defective

appliance, after an injury had occurred from its use, is incompetent to show negligence of the master in furnishing it. (Page 209.)

2. APPEAL AND ERROR—PRESUMPTION OF PREJUDICE.—When incompetent evidence is introduced, prejudice is presumed, and the burden is upon the party introducing it to show that no prejudice resulted. (Page 209.)

3. MASTER AND SERVANT—DEFECTIVE APPLIANCE—INSTRUCTION.—An instruction to the effect that plaintiff did not assume a latent risk in an appliance furnished by the master, and that, if the cause of his injury was a latent defect in an appliance, he should not be regarded as having assumed such risk, and that the jury in such case should find for him, was erroneous in ignoring the defense of contributory negligence. (Page 209.)

4. SAME—DUTY OF MASTER AS TO APPLIANCES.—It is error to instruct the jury that it is the duty of a master to furnish safe tools and appliances for its employees to work with; the correct rule being that it is the mas-. ter's duty to use ordinary care to furnish safe tools and appliances for the use of employees. (Page 210.)

5. DAMAGES—INSTRUCTION.—It is error to instruct the jury in a personal injury suit that if they find for the plaintiff they should find such sum as in their opinion and judgment will compensate him for his bodily pain and suffering; the instruction should have required their finding to be based upon the testimony. (Page 210.)

Appeal from Lawrence Circuit Court; *R. E. Jeffery,* Judge; reversed.

### STATEMENT BY THE COURT.

This was a suit by appellee for damages for personal injuries sustained, it was alleged, on account of the negligence of the railway company in furnishing defective appliances with which to perform his work. The answer denied the allegations of the complaint and pleaded appellee's contributory negligence and assumed risk as a bar to the action.

The facts substantially are that T. H. Steed, a man seventy-two years of age, was in the employ of the railway company in its roundhouse at Hoxie, Arkansas, classed as a "wiper," and on April 1 he, with others, was told to clean up the roundhouse and remove the scrap iron therefrom. This they proceeded to do, and, in loading a barrel filled with chips and dust and bits of brass from the lathe, he claims to have been injured. He and two others picked up this barrel, which weighed anywhere from 150 to 700 pounds according to the different witnesses, and carried it about ten feet and set it

on the edge of a push car, intending to roll it out to the yards. They did not push the barrel far enough on to the edge of the car to balance, and one of the men desired to change his hold, and asked Steed if he thought he could hold it until he changed. Steed replied, "Yes," and the other turned loose, and the plank in the edge of the car gave down, throwing the entire weight of the barrel against him, and in lifting and holding it he was ruptured. He was, at the time, earning sixteen cents per hour, and was seventy-two years old. He suffered pain from the injury, which is permanent, and still is unable to work. The push car was about twenty inches high, and had been in use around the roundhouse for some time; had been used by the appellee before, and there was one plank broken, or shivered, rather, not broken entirely in two, where the barrel was placed upon it and two broken at the other end. These broken planks were plainly visible to any one seeing the car.

During the introduction of the testimony, the plaintiff and other witnesses were allowed to state that the car was repaired after the injury, and that it was broken entirely down later by loading a small boiler upon it, and a new top thereafter put on it.

Appellant's counsel objected to all the testimony relating to the subsequent repairing of the car, and moved to exclude it from the jury, stating that it made no difference what was done with the car after the accident, to which appellee's counsel replied: "Mr. Campbell is right, but it relates back to the probable condition of it at the time of the injury, and is a recognition on the part of the company that it needed repairing. I would have a right to show that, to show that it was broken, as my client says it was, at the time of the injury, by the means of which he received the injury. I would be permitted to show that to corroborate my client; but I am offering it to show that it was a defective car that was afterwards broken down in the loading of it."

The court overruled the objection, to which exceptions were saved.

The court instructed the jury, giving instructions numbered, 1, 2 and 4, for plaintiff, as follows:

"No. 1. You are instructed that if you find that plaintiff, T. H. Steed, was engaged in loading the barrel of iron in ques

tion on to the push car, and that he was acting under orders of his foreman in so doing, and that the work was such as was his duty to do when so ordered, and that the loading of the barrel on to the car was done in the usual, natural and customary manner, and that plaintiff, by reason of his position and place with reference to the barrel, the push car and those helping him, he could not see or observe any patent or latent defects in the floor of the said car at the point where the floor broke, if you find it did break, under the weight of the barrel, he should not be regarded as having assumed any danger risk by reason of the defective plank in the flooring of the car, and you should find for him, if he was injured as he claims he was.

"No. 2.    It is the duty of the defendant company to furnish safe tools and appliances for its employees to work with, and if you find that the car floor was defective by reason of its being of too thin or weak plank, or otherwise insufficient to sustain the weight placed upon it, or that there were other latent or patent defects in the floor of the car, and that defendant, with reasonable and ordinary care and diligence, could have known of them, or, knowing them, did not apprise plaintiff, and he was injured and damaged thereby, the defendant is liable to plaintiff in damages, unless you should believe from the evidence that the plaintiff also knew of such defects in the floor of the car where it broke under the weight of the barrel, if you find it broke.

"No. 4.    If you find for plaintiff, he is entitled to damages for bodily pain and suffering, and upon that point you are authorized to find such sum as, in your opinion and judgment, will compensate him therefor."

And refused defendant's requested instruction numbered 6, as follows:

"No. 6.    The defendant was not an insurer of the plaintiff's safety, and there is no duty resting upon it to guaranty that the machinery, tools and instrumentalities furnished by it to the plaintiff to work with may not prove defective. The defendant was only required to use reasonable care to that end."

The following statement of appellant's attorney in argument was also objected to:    "It (the push car) had been used for this purpose before, and even subsequently it, perhaps,

did not break at this particular point, but in loading some other heavy stuff on it, which it ought to have been strong enough to hold, it broke in two in the middle entirely. Said one of the witnesses, 'The whole floor gave away.' It was seen out of commission by this, and later on was seen with new beams and new floor and used again."

The jury returned a verdict, and from the judgment thereon this appeal comes.

*E. B. Kinsworthy, S. D. Campbell* and *F. R. Suits,* for appellant.

*Appellee, pro se.*

KIRBY, J., (after stating the facts). The court erred in permitting the introduction of the testimony relative to the repairing of the car after the accident and injury and the argument of counsel complained of thereon. It has often been held that evidence of the subsequent repairing of the defective appliance, after an injury has occurred from its use, is incompetent and not permissible to show negligence of the master in furnishing it. *Prescott & N. W. R. Co.* v. *Smith,* 70 Ark. 179; *St. Louis S. W. Ry. Co.* v. *Plumlee,* 78 Ark. 147; *Fort Smith L. & T. Co.* v. *Soard,* 79 Ark. 388; *Bodcaw Lbr. Co.* v. *Ford,* 82 Ark. 555; *St. Louis, I. M. & S. Ry. Co.* v. *Walker,* 89 Ark. 556. "When incompetent evidence is introduced, prejudice is presumed, and the burden is upon the party introducing it to show that no prejudice resulted." *St. Louis, I. M. & S. Ry. Co.* v. *Courtney,* 77 Ark. 43; *St. Louis, I. M. & S. Ry. Co.* v. *Walker, supra.* It is not shown in this case that no prejudice resulted from the introduction of the incompetent testimony, but the prejudice was rather increased by the argument of counsel in relation to it.

Instruction numbered 1, given by the court for appellee, was erroneous in leaving out entirely the appellant's claim of contributory negligence upon his part, and concluding, after a statement that if they should find certain facts he "should not be regarded as having assumed any danger risk by reason of the defective plank in the flooring of the car, and you should find for him if he was injured as he claims he was."

We do not think this conclusion amounts to directing the jury, as appellant claims, that they should find for appellee

in any event, if he was injured as he claimed to be, but only that, if they found certain facts, then appellee had not assumed the risk and was entitled to recover. It was erroneous, however, in directing them that they could find for appellant, under certain conditions, if he did not assume the risk, without taking into account the defense of contributory negligence. *Helena Hardware Co.* v. *Maynard,* 99 Ark. 377.

The second instruction is confusing and incorrect, as was the suggestion in the latter part of the instruction numbered 1, given on the court's own motion in saying "it is the duty of the defendant to furnish safe tools and appliances for its employees to work with." This was attempted to be remedied later on in the instruction, but ineffectually. The law only requires that the master shall use ordinary or reasonable care to furnish safe tools and appliances for the use of employees. (*St. Louis, I. M. & S. Ry. Co.* v. *Gaines,* 46 Ark. 567; *St. Louis, I. M. & S. Ry. Co.* v. *Rice,* 51 Ark. 479), and instruction numbered 6, as requested by appellant, was a correct statement of the law on this point and amounted to a specific objection to the incorrectness of instruction numbered 2, on that account, and the court erred in refusing to give the one and in giving the other as requested.

Instruction numbered 4 left the jury to their opinion and judgment as to the amount of damages they should award for bodily pain and suffering, instead of limiting their judgment and opinion to being based upon the testimony, which they could not, of course, arbitrarily disregard.

We have not examined the other instructions with a view to approving them.

For the errors indicated, the judgment is reversed and the cause remanded for a new trial.