ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

*v.* BRIGHT.

Opinion delivered July 7, 1913.

1.  CARRIERS—CARRYING PASSENGER BEYOND STATION—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.—Where a railroad company carried plaintiff, a passenger, beyond her station, it is a question for the

jury whether the passenger was guilty of contributory negligence in walking back, so as to, bar a recovery for injuries sustained thereby.   (Page 9.)

2.   INSTRUCTIONS—CONFLICTING INSTRUCTIONS.—Plaintiff sued a railway company for damages sustained by reason of being carried past her station, and walking back; *held*, an instruction is erroneous which charges that plaintiff had a right to walk back, and leaving to the jury the question whether, under the circumstances, she was justified in walking back, since it contains irreconcilable propositions, misleading to the jury.   (Page 10.)

3.   APPEAL AND ERROR—INSTRUCTIONS—GENERAL OBJECTIONS.—An instruction is erroneous in form, when it contains irreconcilable propositions, and a general objection to the same is sufficient. (Page 10.)

4.   APPEAL AND ERROR—INSTRUCTIONS—OBJECTIONS.—Where an instruction given by the court contains irreconcilable propositions, an objection to the same is sufficiently raised by a requested instruction in conflict with the objectionable parts of the instruction given by the court, and where an instruction is defective in substance, a general objection to the same is sufficient.   (Page 10.)

5.   INSTRUCTIONS—REQUISITES.—An instruction to be a correct guide to the jury, must, as a whole, be consistent and harmonious. (Page 10.)

6.   DAMAGES—PERSONAL INJURY—INSTRUCTION.—An instruction on the matter of damages, is defective, which does not require the jury, in case of a verdict for the plaintiff, to base their finding as to amount of damages, on the evidence in the case.   (Page 10.)

Appeal from Chicot Circuit Court; *H. W. Wells,* Judge; reversed.

### STATEMENT BY THE COURT.

Plaintiff, an elderly lady, lived at Luna, in Chicot County.  She had a daughter living at Arkansas City, in Desha County.  The daughter was very ill, being confined, and the plaintiff having been informed of this fact, purchased a ticket, on September 6, 1911, for Arkansas City, and took passage on defendant's road from that place.  The train connected at Lake Village with a north-bound passenger train, which, in turn, made connection at Trippe Junction with another of defendant's trains for Arkansas City.  Plaintiff had never been over this line, and when the auditor came to take up her ticket, she informed him of this fact; told him she was on her way to

see her daughter, and asked him to put her off at the proper station so she could make connection for Arkansas City. The auditor neglected to put her off at Trippe, where she could have made connection with the train for Arkansas City, and could have arrived there at about 3 o'clock in the afternoon. The auditor, instead of putting her off at Trippe Junction, put her off at Halley, four miles from Trippe Junction. No train would pass Halley going to Arkansas City until 11 o'clock the following day. Plaintiff tried to hire a horse, but could not secure one. It was about 1 o'clock when the train left her at Halley. She had received news that her daughter was about to die, and being unable to get any one to take her, she walked to Trippe Junction. She stated that she took the walk to get to her daughter; that she could not get any way to ride. She had nowhere to go unless she stayed there and sat up in a colored boarding house. She didn't want to do that, and thought that her daughter would be dead any way. She was informed by the agent at Halley that she could catch a train going to Arkansas City at Trippe about 8 o'clock that night. She made every effort to get some means of conveyance to take her there, and, having failed, decided to walk. She walked to Trippe and carried her basket. It was a hot day. When she got there, she fell on the floor. Her limbs were cramped, and she thought she was going to die. She went to a lady's house and stayed until the train came. She was carried to the train. It was about 9 o'clock when she reached her destination. She was not able to get off the train; a gentleman helped her off and helped her part of the way. She was suffering as much as any one could on their feet. For nine weeks she was not able to get out of bed.

The plaintiff was not very well before she started on her journey to Arkansas City. She had been in delicate health for six months before she went to see her daughter. Was in a "generally debilitated condition."

It was shown that during the illness that resulted to plaintiff from this journey, she suffered from cramps, sick stomach, headache and high fever, and that this condition continued for something near three months.

The appellee sued the apellant for damages. The appellant denied the allegations of the complaint, and the above are substantially the facts developed at the trial.

The court gave, at the request of appellee, the following prayers:

"2.    If you find from the evidence that plaintiff purchased a ticket and took passage upon defendant's train to go to see her daughter, whom she had reason to believe was dangerously ill, and by the carelessness and negligent conduct of defendant's employees, and without fault on her part, she was put off at the wrong station, and if you further find from the evidence that she would have had to remain at said station for a period of nearly twenty-four hours to get another train to take her to her destination from that point; and if you further find that she was advised by the station agent at Halley that she could catch an earlier train at Trippe station, she had a right to elect to walk to said station, if she could not get other means of conveyance, without assuming the risk incident to taking such walk, and if you further find from the evidence that the circumstances justified her in electing to walk, and that, as a result of walking to Trippe Junction under these circumstances, she suffered in bodily health and sustained injury, the defendant company is liable in damages for such injury and pain and suffering ensuing therefrom, if you find that she was so injured."

"3.    If you find for the plaintiff in this case you will assess her damages at such sum of money as in your judgment will fairly compensate her for all the damages she sustained of which the negligence of defendant was the proximate cause, and in arriving at such sum you may consider loss of time and extra expense on account of sickness and pain and suffering which she underwent, if you find that such pain and suffering was the proximate result of defendant's negligence."

The court refused prayers of the appellant to the effect that plaintiff would not be permitted to recover damages augmented by her own action in unnecessarily and negligently exposing herself to hardship and suffer-

ing, and if she was not compelled to undertake to walk from Halley to Trippe, or that the auditor could not reasonably expect her to do so under the circumstances, and that she voluntarily undertook the walk, that she could not be permitted to recover because of her own contributory negligence, notwithstanding any negligence of the railway company.

The court granted a prayer of appellant to the effect that the burden was on the plaintiff to show that she was induced to debark from the train at the wrong station by reason of the conduct of appellant's auditor, and also that the burden was on plaintiff "to show by a preponderance of the evidence that she suffered injury as the direct and proximate result of the negligent conduct of the auditor in inducing her to alight at Halley instead of Trippe."

And the court granted this further prayer of appellant:

"2. Before you would be warranted in finding for the plaintiff in this case, you must find from the evidence that the injury complained of was the direct and proximate result of carelessness and negligence of the defendant, and that nothing was done by the plaintiff, herself, which in any way amounted to carelessness and negligence on her part and contributed to the injury complained of."

The jury returned a verdict for the plaintiff in the sum of $2,500.

This appeal has been duly prosecuted.

*E. B. Kinsworthy, J. C. Knox* and *T. D. Crawford,* for appellant.

1. Whether or not it was negligence on the part of an aged woman in plaintiff's enfeebled condition to undertake to walk a distance of four miles on a hot day, was a jury question. The court erred in giving instruction 2.

2. Instruction 3 was erroneous in not telling the jury to assess plaintiff's damages at such sum as they might *find from the evidence* would fairly compensate

her, etc. 105 Ark. 205. It erred also in directing them to consider loss of time and extra expense on account of sickness, whereas, there was no proof that she incurred any particular amount as extra expense on account of sickness.

*Garland Streett,* for appellee.

1. Instruction 2 expressly leaves the question of whether the plaintiff was guilty of contributory negligence to the jury, in requiring them, before they could find that she had the right to elect to take the walk, to find from the evidence that the circumstances justified her in so doing. But the instruction is correct without such qualification. 146 S. W. 849. Moreover, if erroneous, such error was cured by instruction 2, given at appellant's request.

2. There is no merit in appellant's objection to instruction 3. The jury's oath as well as the instructions of the court, taken as a whole, restricted the jury to a finding based upon the law *and the evidence.*

WOOD, J., (after stating the facts). The court erred in granting appellee's prayer for instruction No. 2. It was a question for the jury to determine as to whether or not the appellee was negligent in undertaking to walk from Halley to Trippe station, under the facts which the testimony tended to prove.

It did not follow as a matter of law that if the jury found the facts as recited in the first part of the second instruction, given at appellee's request, that "she had a right to elect to walk to said station, if she could not get other means of conveyance, without assuming the risk incident to taking such walk." It was still a question for the jury to determine as to whether or not appellee was negligent and assumed the risk incident to the journey, even though the facts were as stated in the first part of the instruction, for the undisputed evidence shows that appellee was a woman sixty-nine years of age, and that she was in a debilitated condition at the time, and that it was a hot day. Under those circumstances, which the first part of the instruction ignored, it was a jury ques-

tion as to whether or not she was guilty of contributory negligence in walking from Halley to Trippe station.

While the undisputed evidence shows that the aged mother was induced to take the long walk of four miles out of love and deep solicitude for her daughter who was so critically ill, it was nevertheless for the jury to say whether or not one of her age and enfeebled condition should have undertaken such a journey under the circumstances disclosed by the evidence. The first part of the instruction tells the jury that she had a right, under the circumstances, to walk to said station without assuming the risk incident to taking such walk, and the latter part of the instruction leaves it to the jury to say whether or not, from the evidence, "the circumstances justified her in electing to walk," but the two propositions are wholly inconsistent and irreconcilable, and were well calculated to mislead the jury. In this respect, the instruction was inherently erroneous, and no specific objection was required to present the error of the court's ruling, because it was not a mere defect in verbiage or form, but one of substance, to which a general objection would be sufficient. But even if a specific objection had been necessary, prayer No. 2 of the appellant, which the court granted, was in direct conflict with the objectionable part of prayer No. 2 of the appellee, and was tantamount to a specific objection to such prayer.

To furnish the jury a correct guide, the charge of the court as a whole must be consistent and harmonious. *St. Louis, I. M. & S. Ry. Co.* v. *Steed,* 105 Ark. 205; *St. Louis, I. M. & S. Ry. Co.* v. *Rogers,* 93 Ark. 564, and cases there cited; *A. L. Clark Lumber Co.* v. *St. Coner,* 97 Ark. 358; *St. Louis, I. M. & S. Ry. Co.* v. *Brown,* 100 Ark. 107; *Hodge-Downey Co.* v. *Carson,* 100 Ark. 433; *Dare* v. *Harper,* 101 Ark. 37, 140 S. W. 983.

Appellee's prayer for instruction No. 3 was defective in that it did not require the jury, in case of a favorable verdict for the appellee, to base their finding as to the amount of damages on the evidence in the case. See *St. Louis, I. M. & S. Ry. Co.* v. *Steed, supra.* This instruc-

tion, however, when taken in connection with the other prayers, was not so misleading to the jury as to constitute reversible error.

For the error in giving instruction No. 2, the judgment is reversed and the cause remanded for a new trial.