Russ *v.* Strickland.

Opinion delivered October 1, 1917.

1. AUTOMOBILES—DUTY OF CARE—FRIGHTENED ANIMAL.—The driver of an automobile must exercise ordinary care, in the operation of his car, to avoid the infliction of damages or injury to the person or property of another. He has the right to use the highways, but he must so use them as not to interfere with the rights of others who lawfully use the highways. A duty rests upon the driver of animals upon public highways also to use due care, and no recovery can be had against the driver of an automobile for injuries received due to the frightening of a horse driven by the plaintiff to his buggy, where plaintiff's own negligence proximately contributed to his injury.

2. AUTOMOBILES—FRIGHTENING ANIMAL DRIVEN TO BUGGY—DUTY OF DRIVER OF AUTOMOBILE.—Under section 12 of Act 134, p. 94, Acts 1911, it is the duty of the driver of an automobile upon a public highway to stop, when he sees, or when, had he been in the exercise of due care he would have seen that a horse ridden or driven by another person was frightened, or was about to be frightened.

3. AUTOMOBILES—DUTY OF DRIVER UPON SEEING FRIGHTENED ANIMAL. —Under section 12, Act 134, Acts 1911, the driver of an automobile must stop his car when he sees that a horse ridden or driven by another is about to become frightened, although he thinks it safer to proceed, and his failure to stop under these circumstances is negligence and renders him liable for any injury of which such failure is the proximate cause, provided the party injured is not, himself, guilty of negligence contributing to his injury.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; reversed.

*Rachels & Yarnell,* for appellant.

1. There is reversible error in the refusal to give the instructions asked. Act 134, Acts 1911, § 12; Kirby & Castle's Digest, § 6437; 122 Ark. 28; 116 *Id.* 26; 102 *Id.* 351. A motorist must stop his car if he sees, or by exercise of ordinary care could see, the frightened condition of the horse. Section 12, act 134, Acts 1911, etc.

2. There is error in the court's charge. 122 Ark. 32. The giving of an instruction from which the jury might infer that there was evidence on a point on which

there was in fact none, is prejudicial and error. 80 Ark. 260; 105 *Id.* 278; 95 *Id.* 597.

3. It was error to modify the plaintiff's request No. 2. 102 Ark. 351. The verdict is contrary to the law and the evidence.

*Brundidge & Neelly,* for appellee.

There is no error in the instructions. They follow the law as laid down in the recent decisions of this court. 122 Ark. 28; 102 *Id.* 351; 116 *Id.* 26.

SMITH, J. Appellant Russ sustained serious injuries by being thrown from his buggy when the horse which he was driving became frightened at appellee Strickland's automobile and ran away. Appellant testified that he saw the automobile when it rounded a curve in the road, a distance of 150 yards away, and that the occupants of the car could have seen the buggy at the same distance. That the horse was afraid of automobiles, and became frightened as soon as it saw the car. That appellant motioned his hand to Strickland to stop the car, and that Strickland threw up his hand, but the car continued its approach at a slow speed, when a Mr. Hubbard, who was riding with Russ, got out of the buggy and took hold of the horse's bit, but, by this time, the horse was frantic and unmanageable. The automobile approached to within twenty-five or thirty yards of the horse, when it stopped. By this time the horse was rearing on its hind legs when the rein broke and the horse whirled around and overturned the buggy. Russ and Hubbard testified that Strickland got out of his car, and, when he came up to where Russ was lying on the ground, stated that he did not stop his car sooner because he thought it safer to drive slowly by the buggy. Strickland denied making this statement, and testified that he was driving in low gear on account of a depression in the road which he had just crossed when he saw the horse, and that the car was moving at a speed of not more than ten miles per hour, and that the car stopped as soon as he and his son, who

was driving the car, observed that the horse was frightened.

A number of instructions were given on the subject of due care and contributory negligence, while a still larger number which were requested were refused. The plaintiff requested instructions which, in effect, told the jury to find for the plaintiff if the injury was caused by defendant's failure to stop his car. An instruction to this effect was given with the following amendment or modification:

"And on the other hand, gentlemen of the jury, if you find from the evidence that, at the time the defendants discovered the frightened condition of the horse, they stopped their automobile and did all they could to prevent the accident, then you will find for the defendant."

Other instructions were given which embodied the view of the law contained in the amendment set out above, and for this reason the cause must be reversed. We will not set out or discuss all the instructions in this cause, but will state the law applicable to the issues joined between the parties.

The driver of an automobile must exercise ordinary care, in the operation of his car, to avoid the infliction of damages or injury to the person or property of another. He has the right to use the public highways, but his rights there are reciprocal, that is, these rights must be so used as not to interfere with the rights of others to lawfully use the highways. A similar reciprocal duty rests on those others. They must, themselves, exercise care, not only to avoid injuring others, but also for their own protection. They can not be guilty of negligence which proximately contributes to their injury, and yet recover damages to compensate this injury.

The court gave instructions correctly defining the common law rights and duties of the parties in this respect. But we think the court misconstrued the meaning of section 12 of act 134 of the Acts of 1911, page 94, regulating the use and speed of automobiles and other horse-

less conveyances upon the public streets, roads and high-ways of this State. This section reads as follows:

"Section 12. Whenever it shall appear that any horse, ridden or driven by any person upon any of said streets, roads and highways, is about to become frightened by the approach of any such motor vehicle, it shall be the duty of the person driving or conducting such motor vehicle to cause the same to come to a full stop until such horse or horses shall have passed, and, if necessary, assist in preventing accident. Any person convicted of violating this section shall be fined in any sum not to exceed two hundred dollars."

(1) The court told the jury to find for the defendant if defendant stopped the car when he discovered the frightened condition of the horse and did all he could to prevent the injury. Under this instruction, it only became the duty of defendant to stop his car when he discovered the frightened condition of the horse. But this was not the full measure of his duty. His duty was not limited by what he actually saw, but is governed by what he would have seen had he been in the exercise of ordinary care.

The section of the act set out above is so similar to the law of Illinois as to suggest that our statute was borrowed from that State. See Session Laws of Illinois, 1903, page 301. Section 2 of that act is substantially identical with the section of our statute set out above, except that our statute has added to it, after the words, "shall have passed," the phrase, "and, if necessary, assist in preventing accident."

The meaning of this statutory requirement is discussed in Berry on Automobiles (2 ed.), § 348. It is there said: "A statutory requirement that the driver of an automobile shall bring his vehicle to a stop whenever it shall appear that any horse ridden or driven by any person is about to become frightened, has been construed to mean that, whenever it might by the exercise of reasonable care and diligence on the part of the driver of the automobile, so appear to him that such horse is about to

become frightened, then he is charged with such knowledge."

In support of the text, the case of *Christy* v. *Elliott*, 216 Ill. 31, 74 N. E. 1035, is cited, and an examination of that case discloses that it gives full support to the text quoted. We are inclined to give special weight to that decision, because it was rendered before our statute was enacted, and if our statute was not borrowed from that State, we have, at least, modeled ours very closely after it. This Illinois case is found annotated in 1 L. R. A. (N. S.) 215. See, also, Babbitt's Law of Motor Vehicles (2 ed.), § 1120.

(2-3) The court should, therefore, have told the jury that it was defendant's duty to stop his car when he saw, or when, had he been in the exercise of due care he would have seen, that the horse was frightened, or was about to be frightened. Since the enactment of this statute, the driver of a car can not determine for himself whether it is as safe or safer to proceed than it is to stop. The law has decreed that he must stop his car, and he is under the duty to do so, although, in his opinion, some other course may be safer. His failure to stop the car under these circumstances is, therefore, negligence, and renders him liable for any injury of which it is the proximate cause, provided the party injured is not, himself, guilty of negligence contributing to his injury.

For the failure of the court to charge the jury in accordance with the law as here announced, the judgment of the court below is reversed and the cause remanded for a new trial.