BATTLE *v.* GUTTREY.

Opinion delivered January 13, 1919.

1. HIGHWAYS — AUTOMOBILE FRIGHTENING MULES — EVIDENCE.—Evidence *held* to warrant finding that defendant, in driving an automobile violated Acts 1911, p. 94, § 12, failed to stop upon signals of plaintiff driving frightened mules coming from opposite direction, causing a runaway in which plaintiff sustained injuries.

2. APPEAL AND ERROR—RECORD—EXCLUDED ANSWER.—Refusal to permit a witness to answer a question will not be considered on appeal if the record does not show what the answer would have been.

3. APPEAL AND ERROR—HARMLESS ERROR—EXCLUSION OF EVIDENCE.—
In a personal injury action, refusal to permit plaintiff's physician
to testify as to plaintiff's condition upon his examination a few
months after the injury was harmless where he was permitted,
without objection, to testify as to her condition at the time of his
examination a few days before the trial, and that her ailments
were not caused by injuries received.

Appeal from Hempstead Circuit Court; *Geo. R. Haynie,* Judge; affirmed.

*Jobe & Jobe,* for appellant.

The verdict of the jury is not supported by the evidence. The jury had no right arbitraily to disregard the testimony of the three disinterested witnesses. 118 Ark. 349; 101 Ark. 532; 53 Ark. 96.

The court erred in refusing to allow Dr. Cannon to answer the question propounded for the reason that the relation of physician and patient did not exist. 112 Ark. 534.

*J. D. Montgomery* and *L. F. Monroe,* for appellee.

The verdict of the jury was supported by the testimony intoduced. 90 Ark. 100; 84 Ark. 406; 87 Ark. 109; 128 Ark. 307.

The court did not err in refusing to allow Dr. Cannon to answer the question propounded upon objection made. 96 Ark. 190; 97 Ark. 564. The relation of physician and patient did exist and the court did not err in excluding it. Kirby's Digest, section 3098; 117 Ark. 396; 113 Ark. 296; 98 Ark. 352; 112 Ark. 534.

The testimony of Dr. Cannon would not have affected the question of liability, but would have gone only to the question of damages. 74 Ark. 326; 112 Ark. 534.

McCULLOCH, C. J. The plaintiff, Mrs. Dovey Guttrey, alleged in her complaint that she received serious personal injuries resulting from negligence of the defendant, O. M. Battle, in the operation of his automobile along a public highway in Hempstead County. The plaintiff, it is alleged, was riding in a vehicle drawn by a team of mules and met defendant in his automobile approach-

ing from the opposite direction; that the mules became frightened at the approaching automobile and that plaintiff and one of her companions signaled defendant to stop the car, but that he disregarded the signals and dashed by, thus causing the team to become further frightened and to run out of the road so that plaintiff was thrown out of the vehicle and injured.

Damages were claimed in the sum of $5,000, and on the trial of the issues before a jury there was a verdict in favor of the plaintiff assessing damages in the sum of $500. The answer of the defendant tendered an issue as to negligence and also as to the extent of plaintiff's injuries.

The testimony was sufficient to sustain the verdict of the jury on both issues. Plaintiff testified that she was riding along the highway in a wagon drawn by a team of mules and that as defendant approached in his car the team became frightened; that she and another person in the wagon signaled to the occupants of the automobile to stop, but the signals were disregarded and the automobile was rushed by the team, which became frightened and ran out of the road and across a little knoll near the road, and that plaintiff was thrown out of the vehicle and injured. She was corroborated in her testimony by other occupants of the vehicle in which she was riding and was also corroborated as to the extent of her injuries. The testimony introduced by defendant was to the effect that the team did not become frightened at all, and that no signals were given to the occupants of the automobile to stop the same.

We have a statute in this State which reads in part as follows:

"Whenever it shall appear that any horse, ridden or driven by any person upon any of said streets, roads and highways, is about to become frightened by the approach of any such motor vehicle, it shall be the duty of the person driving or conducting such motor vehicle to cause the same to come to full stop until such horse or horses shall have passed; and if necessary, assist in pre-

venting accident. Any person convicted of violating this section shall be fined in any sum not to exceed two hundred dollars.'' Acts of 1911, p. 94, sec. 12.

In the case of *Russ* v. *Strickland,* 130 Ark. 406, we construed the statute to mean that a person driving an automobile along a highway is required to exercise ordinary care to determine whether or not a horse approaching from the opposite direction is about to become frightened, and to come to a full stop when it appears that such animal is frightened or about to become frightened at the approaching automobile.

The jury might have found from the testimony adduced in the present case that defendant disregarded the signals and that the mules drawing the vehicle in which plaintiff was riding were frightened and that defendant's failure to stop the car as required by statute caused plaintiff's injuries.

The principal contention on this appeal is that the evidence is not sufficient to sustain the verdict, but we are of the opinion that, although there was a sharp conflict in the testimony, it was sufficient to warrant a finding in plaintiff's favor on the issues presented.

The only other assignment of error relates to the ruling of the court in refusing to permit a witness to answer a certain question propounded. Defendant introduced Dr. Cannon, a local physician, to testify as to plaintiff's physical condition. It seems that Dr. Cannon had, upon order of the court, made an examination of plaintiff's person a few days before the trial, and his testimony as to the condition in which he found her at that time tended to show that her ailments were not caused by the injuries received when she was thrown from the vehicle. No objection was made to the introduction of that testimony, but the court sutained an objection to a question propounded to Dr. Cannon concerning plaintiff's condition at the time he examined her a few months after the injury. The court sustained the plaintiff's objection on the ground that Dr. Cannon obtained the information at that time while making an examination of plaintiff as her

attending physician. There is a question presented whether or not Dr. Cannon examined the plaintiff the first time for the purpose of giving her treatment for her ailments or whether he was examining her at that time merely for the purpose of becoming a witness at the trial. However, the record does not show what the answer of the physician would have been; therefore, we are unable to determine whether there was any prejudice in excluding the question. This is not an instance where the whole testimony of the witness was excluded on account of incompetency, but merely where the answer to a single question was excluded, and we think that it comes within the rule that in order to show prejudice the record ought to show what the testimony of the witness would have been if admitted. Moreover, we cannot see how any prejudice resulted from the exclusion of the testimony, for Dr. Cannon was permitted to testify fully as to plaintiff's condition at the time of his examination a few days before the trial.

Judgment affirmed.