J. FOSTER & COMPANY v. WOOLDRIDGE.

4-5704 134 S. W. 2d 526

Opinion delivered December 18, 1939.

*Hardin & Barton,* for appellant.

*Batchelor & Batchelor* and *G. Byron Dobbs,* for appellee.

HUMPHREYS, J. Appellee brought this suit against appellant in the circuit court of Crawford county to recover damages for personal injuries received by him and for damages to his automobile growing out of a collision between appellant's truck and his automobile on Rogers Avenue in Fort Smith, Arkansas, through the alleged negligence of appellant's driver (1) in driving at a high, reckless and dangerous rate of speed; (2) in failing to keep a lookout; (3) in failing to use reasonable care after discovering appellee at a place of peril.

Appellant filed an answer denying the material allegations contained in the complaint and pleaded as a complete defense that appellee was guilty of contributory negligence which was the proximate cause of the damages sustained by him.

The cause was submitted to a jury upon the pleadings, the testimony introduced by the respective parties and the instructions of the court, resulting in a verdict and judgment against appellant in the sum of $300 for damages to the automobile and $200 for personal injuries received by him.

Appellant contends for a reversal of the judgment on the alleged ground that there is no substantial evidence in the record tending to show that the truck driver was guilty of any negligence. We can not agree with this contention. According to the undisputed evidence the collision occurred at about 8 o'clock on the morning of July 3, 1939, on Rogers Avenue which runs east and west in Fort Smith, Arkansas, and is sixty to seventy feet

wide; that appellee had parked his automobile on the north side of Rogers Avenue at a usual parking place in an angling position in front of Morris-Morton Schaap Drug Co. between 3rd and 4th Streets for the purpose of making a special delivery of mail for the Post Office Department by whom he was employed; that after making the mail delivery he returned to and entered his car for the purpose of making other deliveries; that he looked up and down the street and observing no cars coming or going in either direction he began to back out from the curb.

At this particular time a dispute occurs in the testimony. Appellee testified that after backing about two or three feet he observed the truck coming west toward him as a speed of about twenty-five miles an hour some sixty or seventy-five feet east of him when he stopped backing and waited for the truck to pass him, there being ample space for him to do so, but instead of passing him the driver of the truck ran into the rear of his car and caved in the door, knocked off the bumper and mashed the gas tank and the left fender; that the impact knocked his automobile across three parking spaces and threw him against the door injuring his neck and arm from which he suffered about thirty days.

Ed Mannan, the truck driver, testified that he was driving west toward the river at a speed of about fourteen miles an hour; that he had been to the Crane Candy Company which was about two blocks from where the accident happened; that he was in front of Morris-Morton Schaap Drug Company's place of business when he first saw appellee's car backing out; that he tried to miss it and cut his front wheels over to the left and appellee's car caught his rear dual-wheel; that when he first saw the car it was only four or five feet from him backing toward him; that if appellee had not moved his car backward there would have been four feet or more clearance, but that he did not stop before striking the truck; that when he saw him backing out he pulled his steering wheel to the left; that the truck moved about five

feet after the impact; that appellee's car was coming out from the curb at an angle which made the left rear nearer the truck than the right rear; that no part of the truck body hit the car, but the car hit the rear wheel of the truck; that there were no bent places on the truck.

Other witnesses testified in the case, but none of them were as close to and could not testify with the same particularity as these two witnesses concerning the collision. The testimony of these two witnesses as will appear from reading the substance thereof is in conflict, the one blaming the other for the collision, as is usual in such cases, which clearly made the issues of negligence and contributory negligence one for the determination of the jury.

The court did not, therefore, err in refusing to instruct a verdict for appellant.

A number of instructions were given by the court to which general objections were made by appellant criticizing certain language used in them. No specific objections were made to the language used in them. We will pass the general objections over for a moment and discuss instruction No. 4 requested by appellee and given by the court over appellant's general objection. That instruction is as follows:

"You are instructed that if you find and believe from a preponderance of the evidence in this case, that the defendant's driver, while acting in the scope of his employment, discovered the perilous situation of the plaintiff, or by the exercise of ordinary care could have discovered the perilous situation of the plaintiff and failed to use ordinary care to avoid running into and injuring the plaintiff, then your verdict must be for the plaintiff unless barred by other instructions given you herein."

Appellant argues that this instruction is abstract because it submits the issue of discovered peril when there is no evidence tending to show that he discovered the perilous position of appellee in time to have prevented the injury by the exercise of ordinary care there-

after. The driver of the truck says that he did not discover appellee backing his car out until within four or five feet of him and that he immediately swerved to the left to prevent striking appellee's car, but that appellee's car continued to back and struck the rear dual-wheel of his truck. Appellee testified that he saw appellant coming toward him some seventy-five feet east of him and that he stopped his car and waited for the truck driver to pass him, but that instead of passing him he ran into his car. Another witness testified that the truck driver blew his horn when within forty feet of appellee which would indicate that he saw him, and other witnesses testified that there was ample room for the truck driver to have passed around the south side of appellee's car. We think there is ample evidence in the record from which a jury might infer that the truck driver discovered appellee in time to have stopped his truck or to have driven around appellee's car after discovering that appellee was backing away from the curb.

It is also argued that the instruction is erroneous in saying that appellant would be liable if in the exercise of ordinary care the truck driver could have discovered the perilous situation of appellee and failed to use ordinary care to avoid running into and injuring appellee. Appellant is correct in saying that this was an incorrect declaration of law.

The main objection to this instruction is that it was in open conflict with another instruction given at appellant's request, which instruction is as follows:

"You are instructed that the plaintiff has failed to prove his allegation that the defendant's truck driver was negligent in that he failed to use ordinary care to avoid striking and injuring the plaintiff and his car after said driver discovered or should have discovered the plaintiff's peril, and as to this allegation your finding must be for the defendant."

It is doubtful whether the trial court intended to withdraw the issue of discovered peril from the jury or to instruct upon it as an issue in the case. To say

the least of it these two instructions are so conflicting that the jury was probably misled by giving both of them.

The court should not have confused the jury by giving both the instructions and for that reason the case must be reversed.

Since the case must be tried again, we think the trial court should strike out of instruction No. 3 "fail to keep a proper lookout" and insert therein "fail to use reasonable and ordinary care to keep a lookout."

We think instruction No. 7 on a retrial of the cause should be modified by stating that the jury must be guided by the evidence in the case. This court said in the case of *St. Louis I. M. & S. Ry. Co.* v. *Bright,* 109 Ark. 4, 159 S. W. 33, that: "An instruction on the matter of damages, is defective, which does not require the jury, in case of a verdict for the plaintiff, to base their findings as to amount of damages, on the evidence in the case."

There is no necessity of discussing whether the verdict is excessive as that issue goes out of the case in the reversal of the judgment.

On account of the error indicated, the judgment is reversed and the cause is remanded for a new trial.

MEHAFFY, J., dissents; McHANEY, HOLT, JJ., concur.