SMITH *v.* WITTMAN.

5-1166                                          300 S. W. 2d 600

Opinion delivered March 11, 1957.

[Rehearing denied April 29, 1957.]

*John W. Moncrief* and *Virgil R. Moncrief,* for appellant.

*Milton G. Robinson,* for appellee.

GEORGE ROSE SMITH, Associate Justice. This action was brought by Walter Nolan Smith, an infant, and his father, Francis W. Smith, to recover damages for personal injuries sustained when the child was struck by a truck being driven by the appellee. The jury returned a verdict for the defendant. The only questions on appeal relate to the court's instructions to the jury.

Whether the appellee was guilty of negligence was an issue of fact. At the time of his injury Walter Nolan was a few months less than four years old. He had gone across the gravel street in front of his parents' home in Stuttgart, and, before attempting to return, stood at the south end of a line of mailboxes on the west side of the street. The child waited as a trailer-truck coming from the south went by, but he then entered the roadway and was hit by the appellee's truck, which was traveling south. The plaintiffs contended primarily that Wittman was negligent in driving into a cloud of dust raised by the trailer-truck, while Wittman asserted that his visibility was good and that he could not see the little boy until he ran out from behind the mailboxes.

At the plaintiffs' request the court instructed the jury that a child under four is incapable of negligence or contributory negligence. The appellants complain of an instruction, given for the defendant, by which the jury were told that a motorist has the right to assume that a pedestrian will obey traffic laws and may proceed upon that assumption until he knows or should know that the pedestrian will not do so. It is argued that the effect of this instruction was to require the child to obey the traffic laws. We do not think so at all. The court had already excluded the possibility of negligence on the part of the child; the instruction now in question dealt with the situation from Wittman's point of view and merely stated an assumption that a motorist may rely upon in the operation of his car. *Kendrick* v. *Rankin,* 219 Ark. 736, 244 S. W. 2d

495. Although the instruction may have been abstract, it was not objected to on that ground and in any event was not misleading or confusing to the jury. *Equity Mut. Ins. Co.* v. *Merrill,* 215 Ark. 483, 221 S. W. 2d 2.

The appellants' main point is directed to the defendant's Instruction No. 14: "You are instructed that in this case, the fact that the pedestrian was a child did not require the defendant to exercise any due care or proper precaution for the safety of children until he actually observed the child." This instruction is not a complete and accurate statement of the law, for the duty of special care would arise not only when the child was actually observed but also when he should have been observed. *Russ* v. *Strickland,* 130 Ark. 406, 197 S. W. 709. The plaintiffs' specific objections did not touch upon this defect, however; so the question is whether a general objection was sufficient to call the court's attention to the matter.

Although the point is not free from difficulty we are of the opinion that a specific objection was required. The instruction is not a binding one and therefore may be clarified by the rest of the court's charge. Elsewhere the court told the jury that if Wittman was operating his vehicle with due regard for the safety of others and the accident was caused by the child's suddenly darting into the path of the vehicle "at such time and under such circumstances that, in the exercise of ordinary care, the defendant was unable to stop his automobile in time to avoid an accident after he became aware, or ought to have become aware, of plaintiff's danger," then the verdict should be for the defendant. Hence the jury were in fact informed that the duty of care arose when Wittman should have been aware of the child's danger.

A somewhat similar issue was considered in *Bain* v. *Fort Smith Light & Traction Co.,* 116 Ark. 125, 172 S. W. 843, L. R. A. 1915D, 1021, where this instruction was objected to generally: "The court instructs you that if you believe from the evidence that defendant's motorman in charge of its car used ordinary care in the management of said car at and near the place where the plaintiff was

injured, and that as soon as he saw plaintiff in a position of danger, said motorman used such care and caution in stopping said car to avoid injury to plaintiff as a person of ordinary care and prudence would have used under such circumstances, then your verdict should be for the defendant.'' It was contended there, as it is here, that the instruction was erroneous because it only required the motorman ''to use ordinary care after he saw plaintiff in a place of danger.'' We held that the earlier reference to ordinary care in the management of the car was, in the absence of a specific objection, a sufficient reference to the motorman's duty of care before he actually saw the plaintiff. In the case at bar that prior duty of care was brought to the jury's attention in another instruction, which may be read together with the one complained of. Had a specific request been made, it cannot be doubted that the trial court would have modified the instruction in the manner now thought necessary by the appellants. We are not willing to hold that the court's charge, when read as a whole, was inherently erroneous. *Mo. Pac. R. Co.* v. *Havens,* 164 Ark. 108, 261 S. W. 31.

Affirmed.

HARRIS, C. J., and McFADDIN and WARD, JJ., dissent.

PAUL WARD, Associate Justice (dissent). It is not clear from the majority opinion, as I think it should be, whether Instruction No. 14 is treated as inherently erroneous or as merely conflicting with other instructions given by the court. Personally I consider the Instruction inherently erroneous, but in either event the cause should be reversed, in my opinion.

*If inherently erroneous,* then the majority opinion appears to be in direct conflict with *Walther* v. *Cooley,* 224 Ark. 1027, 279 S. W. 2d 288, where, at page 1038 of the Arkansas Reports, this court quoted with approval from former decisions of this court:

'' 'The rule that all the instructions must be read together, and that an omission in one instruction may be cured by another, does not extend to instructions inherently erroneous and misleading.' ''

*If only conflicting* with other instructions, then, in my opinion, the cause should also be reversed, under our former decision in *J. Foster & Co.* v. *Woolridge,* 199 Ark. 551, 134 S. W. 2d 526, in reversing the trial court for giving conflicting [and misleading] instructions, we said, at page 555 of the Arkansas Reports: "To say the least of it these two instructions are so conflicting that the jury was probably misled by giving both of them."

Likewise we said, in *Arkansas Baking Company* v. *Aaron,* 204 Ark. 990, 166 S. W. 2d 14:

"It is impossible to know in a given case, what consideration jurors gave to one instruction as distinguished from another. We only consider whether (in the light of experience and the psychology and conduct of mankind in the average) separate instructions, one being erroneous and the other correct, probably resulted in a verdict against the party who complains of the mistake."