CLAY *v.* GARRETT.

5-1504                                  311 S. W. 2d 522

Opinion delivered March 31, 1958.

*Gannaway & Gannaway,* for appellant.

*Wright, Harrison, Lindsey & Upton,* for appellee.

CARLETON HARRIS, Chief Justice. Appellant is the mother of Joe Wayne Clay, a minor, four years of age. On June 2, 1955, Joe Wayne was severely injured while crossing from the south to north side of Eleventh Street, just west of the intersection of Eleventh and Battery Streets in Little Rock. Complaint was filed by appellant, individually, and as mother and next friend of Joe Wayne Clay, alleging that appellee, Chester W. Garrett, while driving his automobile, struck the child; that the accident was caused solely by the negligence of appellee, and enumerated alleged acts of negligence. The complaint was later amended by alleging that Garrett was an employee of the Arkansas Democrat Company, and was working within the scope of such employment at the time of striking the child. Appellees answered, denying the material allegations of the complaint, stating that as to appellees, the accident was unavoidable, and further alleging that any damages suffered by appellant were "directly and proximately caused and contributed to" by the negligence and carelessness of the appellant, Mrs. William Elmer Clay. The cause proceeded to trial and the jury returned a verdict for appellees. This appeal follows.

Only one ground for reversal of the judgment entered upon the jury verdict is urged. It is contended by appellant that the trial court erred in giving appellees' Requested Instruction No. 7, reading as follows:

"You are instructed that the driver of an automobile has the right to assume that other persons using the streets will obey the traffic laws. A motorist is not, therefore, required to anticipate that a pedestrian will be crossing a street between intersections and outside of crosswalk areas until such time as the motorist has observed the presence of a pedestrian or, in the exercise of ordinary care, ought to observe such presence."

A general objection was made to this instruction by appellant, who also specifically objected on grounds that such instruction was abstract, misleading, and confusing. It is argued that under this instruction, the jury was told Garrett had a right to assume this four year old

child would obey the traffic laws of Arkansas and Little Rock, and that Garrett was therefore not required to anticipate that the child would be crossing the street between the intersection and outside the crosswalk until he saw the child, or by the exercising of ordinary care, should have observed him. Our attention is called to the case of *Smith* v. *Wittman,* 227 Ark. 502, 300 S. W. 2d 600. There, a suit was brought for damages sustained by a four year old child when struck by a truck. At the defendant's request, the jury was instructed that a motorist has the right to assume that a pedestrian will obey traffic laws, and may proceed on that assumption until he knows, or should know, that the pedestrian will not do so. However, in a separate instruction, the court instructed the jury that a child under four is incapable of negligence or contributory negligence. Appellant points out that in the case at bar, this additional instruction was not given. It is conceded that if there had been such an instruction, this case, on the contested point, would be on all fours with the *Wittman* case. Since that instruction was not given, appellant, as heretofore stated, argues that the jury was told that Garrett had a right to assume this four year old boy would obey the traffic laws, which the child, of course, was not required to do. Under the proof in this case, instructions given, and objections made, we are unable to agree with appellant's contention. In the first place, appellant did not request that the jury be instructed that a child four years of age is incapable of negligence or contributory negligence. A trial court is not required, in a civil case, to instruct on its own motion, and if appellant felt aggrieved by the instruction here in question, such a request should have been made. *White* v. *McCracken,* 60 Ark. 613, 31 S. W. 882. Having failed to request such an instruction, appellant is in no position to complain that the jury was not so instructed. *Ward Furniture Manufacturing Co.* v. *J. B. Isbell & Co.,* 81 Ark. 549, 99 S. W. 845. In the next place, the instruction given dealt with the situation from Garrett's point of view, stating an assumption that we had previously held a motorist may rely upon. *Smith* v.

*Wittman, supra.* The instruction does not refer in any manner to negligence on the part of the child, or, for that matter, any other pedestrian. The negligence of the child was never put into issue. The answer made no such allegation, nor was any such contention raised by the instructions. The jury was instructed, properly, as to appellees' contention that Mrs. Clay, mother of the injured child, was guilty of contributory negligence, which would be a bar to her right of recovery.[1] Appellant's Requested Instruction No. 3, which was given by the court, told the jury:

"Even if you find from a preponderance of the evidence that Mrs. William Elmer Clay was guilty of contributory negligence which would be a bar to her right to recover individually, you are instructed that such negligence on her part, if any, could not be imputed to Joe Wayne Clay, and you should not consider the negligence, if any, on the part of Mrs. Clay in determining the right to recover for physical injuries to Joe Wayne Clay, or for past, present or future physical pain and suffering, mental anguish and permanent physical disability of Joe Wayne Clay."

Appellant's Requested Instruction No. 4, given by the Court, reads as follows:

"If you find from a preponderance of the evidence that Chester W. Garrett, by the exercise of ordinary care should have observed Joe Wayne Clay before his car ran over him, and did not observe him, then this is evidence for you to consider in determining whether Chester W. Garrett was negligent."

The Court also instructed the jury:

"If you find from a preponderance of the evidence that Chester W. Garrett was negligent, and that such negligence on his part, if any, was a proximate cause of the injuries to Joe Wayne Clay, then you should

---

[1] Appellees' proof showed that Mrs. Clay admitted sending the four year old child to the drug store to get razor blades, a distance of about one and one-half blocks away. Mr. Garrett stated that he found these blades in the pocket of the child when he was trying to identify him.

find for Mrs. William Elmer Clay, as mother and next friend of Joe Wayne Clay, * * *."

These instructions, taken together, we think, made clear to the jury that the primary issue was whether Mr. Garrett was negligent, and such negligence was the proximate cause of the injuries sustained; and the further issue of alleged contributory negligence by appellant, which would bar her individual recovery. At no point in the case was there the slightest indication that the child's negligence, if any, should be considered. We are unable to agree that the instruction complained of is misleading and confusing, nor does appellant point out specifically how the jury might have been misled or confused.

No reversible error appearing, the judgment is affirmed.

Justice MILLWEE and ROBINSON dissent.