MADELYN FRAZIER *v.* JAMES L. SEWELL

5-4034 408 S. W. 2d 597

Opinion delivered November 28, 1966

*Howell, Price & Worsham,* for appellant.

*Wright, Lindsey & Jennings,* for appellee.

CARLETON HARRIS, Chief Justice. On May 1, 1965, an automobile driven by James T. Frazier, Madelyn Frazier, his wife, being a passenger in the car, was struck by an automobile operated by James Sewell. The collision occurred on Highway 65, about five miles south of Conway. Subsequent thereto, the Fraziers, appellants herein, instituted suit against appellee Sewell, Frazier seeking property damages in the sum of $750.00, and $5,000.00 as punitive damages, and his wife seeking damages for personal injuries in the amount of $50,-000.00. Sewell answered, asserting that the collision was caused by the negligence and carelessness of Frazier; that Mrs. Frazier failed to exercise ordinary care for her own safety, and that negligence and carelessness on her part contributed to her alleged injuries. The case proceeded to trial, but Mr. Frazier took a non-suit prior to submission to the jury, leaving Mrs. Frazier's cause of action still at issue. The jury returned a verdict for appellee, and from the judgment so entered, Madelyn Frazier brings this appeal. For reversal, appellant presents two points, first, that the court erred in refusing the comparative negligence instruction requested by both appellant and appellee, though instructing on "contributory negligence," and this was error. The second ground for reversal is that the verdict was contrary to the weight of the evidence.

Appellant requested an instruction numbered AMI 2102, which relates to comparative negligence. The court refused to give this instruction as offered, and appellant made a general objection. Thereupon, the court modified the instruction, and gave it to the jury. To the instruction, as modified, there was a general objection by appellee, but appellant made no objection whatsoever. Appellee asked for a similar instruction to AMI 2102 (defendant's requested instruction No. AMI 2109), but it was refused. The court also gave an instruction on the burden of proof, as follows:

"As a defense to the claim of Madelyn Frazier, it is contended by J. L. Sewell that she was guilty of

negligence which was a proximate cause of her damages. A party who asserts the defense of negligence on the part of a person claiming damages has the burden of proving this defense.''

Appellant made only a general objection to this instruction.

There is no merit in appellant's contention. Let it first be said that, of course, appellant cannot complain of the court's failure to give an instruction requested by appellee, nor was there any objection by appellant to the giving of the instruction requested by her, as modified by the court. At any rate, the request for appellant's instruction AMI 2102 was subsequently withdrawn. The withdrawal of the requested instruction actually meant that appellant no longer wanted that instruction, and she was thereby placed in the same status as though the instruction had never been requested.[1] We have repeatedly held that a party cannot complain of a trial court's failure to give an instruction unless same is requested. *Ragon* v. *Day,* 228 Ark. 215, 306 S. W. 2d 687, and *Clay* v. *Garrett,* 228 Ark. 953, 311 S. W. 2d 522. As far as the instruction on the burden of proof is concerned (termed ''contributory negligence'' by appellant), appellant made a general objection, which would only be effective if the instruction was inherently erroneous. *Vogler* v. *O'Neal,* 226 Ark. 1007, 295 S. W. 2d 629. The instruction is obviously not inherently erroneous.

It is next urged that the verdict is against the weight of the evidence, but there is no point in setting out the evidence, since, though we should agree that this is true, there is no action that this court can take. We have held on divers occasions that the weight of the evidence and credibility of the witnesses are solely with-

---

[1] In 88 C.J.S. § 305, Page 821, we find: "Instructions may and should be confined to issues insisted on at the trial, and where issues are abandoned or expressly withdrawn by the parties, the court may omit to submit them to the jury."

in the province of the jury. In *Jonesboro Coca Cola Bottling Company* v. *Holt,* 194 Ark. 992, 110 S. W. 2d 535, this court, quoting 4 C. J. 859, 860, said:

" 'The fact that the appellate court would have reached a different conclusion had the judges thereof sat on the jury, or that they are of the opinion that the verdict is against the preponderance of the evidence, will not warrant the setting aside of a verdict based on conflicting evidence.' 4 C. J. 859, 860."

Appellant relies upon *Koonce* v. *Owens,* 236 Ark. 379, 366 S. W. 2d 196, but there, the *trial court* set aside the judgment, finding the verdict to be against the weight of the evidence. On appeal, we simply held that the trial court did not abuse its discretion in ordering a new trial. In the instant case, appellant made no motion for a new trial in the court below.

Finding no reversible error, the judgment is affirmed.