ANHEUSER-BUSCH, INC., *v.* SOUTHARD.

4-3909

Opinion delivered June 17, 1935.

*Nagel, Kirby, Orrick & Shepley, G. D. Walker* and *Moore & Burke,* for appellant.

*Jo M. Walker,* for appellee.

JOHNSON, C. J.   To compensate an alleged personal injury, this suit was instituted by appellee against appellant in the Phillips County Circuit Court.   The pertinent allegations were:

"That he is a resident of Phillips County, Arkansas, and that the defendant is a foreign corporation, authorized to do business in the State of Arkansas, and is engaged in the business of bottling and selling in the State of Arkansas certain beverages, among which is bottled beer known as Budweiser beer.

"That on or about the second day of August, 1934, the plaintiff purchased in due course of trade, at retail, a bottle of Budweiser beer, manufactured and sold by the defendant; that in drinking a portion of the beer contained in said bottle, plaintiff swallowed a foreign substance and immediately became nauseated and extremely ill; he then examined the contents of said bottle and discovered that it contained one moth and several small flies; that, as a result of drinking a portion of the contents of said bottle, plaintiff became seriously ill; was compelled to have the attention of a physician and suffered and continues to suffer extreme pain and mental anguish; that he was seized with spells of vomiting which lasted for several hours.

"Plaintiff further alleges that said bottle of beer had been manufactured and negligently sealed by said corporation with said moth and flies in said bottle; that said bottle was delivered to the plaintiff in due course of trade, and that the defendant, when it bottled said beer, well knew that it was to be offered for sale to the general public."

The prayer was for judgment in the sum of $2,975 and costs.

By answer appellant denied the material allegations of the complaint thus filed and affirmatively pleaded contributory negligence in bar of appellee's right of recovery.

The testimony adduced when viewed in the light most favorable to appellee, as we are required to do under repeated decisions of this court, was to the following effect: That on the afternoon of August 2, 1934, he purchased from a certain beverage vendor in the city of Helena a bottle of "Budweiser beer" which was manufactured by appellant for human consumption. The vendor removed the cap from the bottle, and appellee immediately took two or three swallows of its contents; that after two or three minutes appellee took another swallow of the contents of the bottle and swallowed some foreign substance which made appellee violently sick; that, upon examination of the remaining contents of the bottle of beer, it was found to contain a decomposed moth and two or three small flies; that the bottle and remaining contents thereof were immediately resealed by appellee and safely kept until the trial of this case when and where the contents were exhibited to the jury. The testimony in behalf of appellee in reference to his injuries and the extent thereof will be omitted because no contention is urged in this behalf or about the amount of the award if liability exists.

The testimony adduced on behalf of appellant was to the effect that "Budweiser beer" was manufactured under the most approved and modern conditions, and that it was a physical impossibility for foreign substances to find entrance into such bottle of beverage and that the contents contained carbon dioxide gas which is a germicide and therefore a preservative and that decomposition was impossible in its presence.

The court among other instructions gave to the jury in charge appellee's request No. 1 as follows: "The jury is instructed that it is the duty of the manufacturers of beverages to be offered for sale to the public to use such care in the manufacture, preparation and bottling of such beverages as will render them safe for human consumption, and that, if such manufacturers negligently permit foreign substances to be bottled in such beverages, and a purchaser is injured by drinking a bottle of such beverage containing such foreign substance, and on account of such foreign substance, the man-

ufacturer would be liable to such purchaser for such negligence,''—of which complaint is urged, and gave appellant's request No. 6 as follows:

''You are instructed that the law only requires that the defendant, in the manufacturing of its beer, exercise ordinary care, and ordinary care as herein used means the exercise of such care and caution as would be exercised by an ordinary prudent person under similar circumstances and like conditions, and if you find from the evidence in this case that the defendant, Anheuser-Busch, Inc., did exercise ordinary care in the manufacturing of its beer and in the manufacture thereof exercised every precaution known to the science of brewing beer, then the defendant would not be guilty of negligence and your verdict should be for the defendant.''

The jury returned a verdict in favor of appellee for the sum of $250, and this appeal comes from the judgment entered thereon.

Appellant's first contention for reversal is that the court erred in giving to the jury appellee's requested instruction No. 1, heretofore quoted; and the contention is that said request makes appellant an insurer of the contents of the bottle of beer. This contention is grounded upon the argument that the use of the words ''use such care in the manufacture, preparation and bottling of such beverage as will render them safe for human consumption, etc.,'' makes it an insurer. The words ''use such care'' has direct reference to the degree of care required in other instructions given, and when appellant's request No. 6, heretofore quoted, which was given in charge, is read in connection with appellee's request No. 1, there is no uncertainty that appellant was only required to use ordinary care in the manufacture of its beverages. In other words, when the two instructions are read together, they state the law as a harmonious whole, and no conflict appears.

Appellant next urges that the court erred in permitting the remaining contents of the bottle of beer to be exhibited to the jury as testimony. This contention is based upon remoteness of time of exhibition plus the testimony to the effect that carbon dioxide gas is a pre-

servative, and that, when the bottle of beer was opened, this gas escaped therefrom, thereby permitting the contents of the bottle to change or any foreign substance contained therein to decompose. Appellee testified that the remaining contents of the bottle of beer were in the same condition when offered in testimony that it was when first opened and a part of its contents consumed. This testimony made the contents of the bottle *prima facie* admissible in testimony (see 10 R. C. L., § 176, title, Evidence), and after its admission the weight to be given such testimony was for the jury. No error was therefore committed in the admission of this testimony. Finally, appellant contends that the verdict of the jury was based on speculation and conjecture, and therefore should not be permitted to stand. *Great Atlantic & Pacific Tea Co.* v. *Gwilliams,* 189 Ark. 1037, 76 S. W. (2d) 65, is cited in support of this contention. In that case we stated the law as follows: "There must be proof tending to show the negligence alleged before there is a recovery. Negligence, like fraud, is not presumed, but it must be proved, or, at least, facts must be shown from which it may be inferred,"—but such is not the state of the testimony presented in this record. Practically, if not all, the witnesses agree that there was some foreign substance in this bottle of beer immediately after it was opened for the purpose of consumption. Therefore it was peculiarly a question of fact for the jury's determination whether such foreign substance entered the bottle through the carelessness and negligence of appellant in its manufacture, and the evidence is amply sufficient to support the jury's finding that it did and that appellee was injured thereby.

No error appearing, the judgment is affirmed.