ARKANSAS BAKING COMPANY *v.* AARON.

4-6876                                                                    166 S. W. 2d 14

Opinion delivered November 30, 1942.

A. F. *House* and *Rowell, Rowell & Dickey,* for appellant.

*Linwood L. Brickhouse,* for appellee.

GRIFFIN SMITH, C. J. Appellee asked $5,000 to compensate damages and $150 as reimbursement for medical expenses because, as she says, illness resulted from eating a contaminated food made by appellant. The original complaint alleged that a mouse was baked in a cake, and that parts of the rodent, including skin, tail, and a jawbone segment with what appeared to be intact teeth, were found after a portion of the cake had been served and while the process of mastication was under way. A sister and niece were also affected, according to their testimony and the testimony of appellee. The complaint was amended by substitution of the word "hairy animal" for mouse. Judgment was for $400.

On the factual issue—that is, whether the cake, when sold by appellant, was tainted because of the foreign visitation—a jury question was made. Also, in view of the evidence, it was appropriate for the finders of facts to appraise the extent of injury and adjudge remuneration.

Objections, general and specific, were made to Instruction No. 3, requested by appellee, which declared the law to be ". . . that a manufacturer of cakes, such as the one in evidence, . . . is required to use such care in the manufacture and preparation . . . as will render them safe for human consumption." [1]

---

[1] In Mrs. Aaron's brief it is said: "Naturally appellee's attorney did have an instruction prepared correctly defining the degree of care required by appellant, *to accompany his* Instruction No. 3, but without any explanation from the record except merely the statement that appellant's instruction fully covered the question of the degree of care required [of] appellant, counsel for appellee did not submit his instruction. Had he done so, and had it been a duplicate of appellant's instruction upon the same subject, the court would then have refused appellant's instruction upon the grounds that the jury had already been fully instructed regarding the degree of care which appellant was required to use."

Instruction No. 3, given at appellant's request, is copied in the margin.[2] It is a correct statement. Each instruction is numbered three.

Frequently, in the briefs, there is reference to "plaintiff's instructions," and "defendant's instructions." These terms are used for identification. All instructions are the court's. Litigants do not give instructions; but, as counsel for appellant and counsel for appellee so appropriately recognize in the argument, instructions, considered as a whole, constitute the court's declaration of law applicable to the issues involved.

In a recent case considered on appeal, the trial court had given more than fifty instructions requested by counsel for one of the litigants, in addition to a large number offered by the opposing side. A multiplicity of instructions inevitably proves confusing to the jury, even if the court, after having heard argument by those learned in law, and after citation to authorities, is able to harmonize them by a refusal, a deletion, or an interlineation. A so-called Chinese puzzle has no mysteries that conflicting and confounding instructions do not challenge.

Reid's "Branson Instructions to Juries," Vol. 1, Third Edition, says "An instruction is an exposition of the principles of the law applicable to the case in its entirety, or to some branch or phase of the case, which it is the duty of the jury to apply in order to render a verdict establishing the rights of the parties in accordance with the facts proved."[3]

[2] ". . . one who eats cake is not entitled to recover damages simply because illness results therefrom. In order to recover damages the injured party must show that there was negligence on the part of the defendant in manufacturing the cake. Negligence is the failure to exercise that degree of care which a reasonably prudent person would exercise under similar conditions. If you find from the evidence that the defendant was not guilty of negligence as herein defined, then your verdict should be for the defendant."

[3] Chief Justice Fansler of the Supreme Court of Indiana said: "Courts are not required to follow the language of approved instructions, and may use any language that will correctly express the principles involved, but the numerous decisions of this court, dealing with erroneous instructions, furnishes ample evidence of the difficulties which may be involved in experimenting with new and untried phrases, and indicates the wisdom of adhering to approved instructions." *Beneks* v. *State*, 208 Ind. 317, 196 N. E. 73.

The vice argued against the instruction which told the jury that a manufacturer of cake was required to use such care as would render the commodity safe for human consumption is that it converts the baker into an insurer, irrespective of other considerations. While impliedly conceding that the instruction, standing alone, is open to the objection urged, appellee insists if error occurred it was cured when Instruction No. 3 (printed as the second footnote) told the jury that in order for Mrs. Aaron to receive compensation it was necessary that she show there was negligence in the manufacturing process.

In *St. Louis S. W. Ry. Co.* v. *Graham,* 83 Ark. 61, 102 S. W. 700, 119 Am. St. Rep. 112, there is a declaration that "It is generally impossible to state all the law of a case in one instruction. If the various instructions given in a case separately present every phase of the law, as a harmonious whole, there is no error in a particular instruction failing to carry qualifications which are explained in others." But in *Southern Anthracite Coal Co.* v. *Bowen,* 93 Ark. 140, 124 S. W. 1048, it was said: ". . . Instructions, when taken together, should not be so conflicting as to confuse or mislead the jury, not giving them a certain guide to follow in making their verdict."

The defending baking company objected to Instruction No. 3 (requested by plaintiff) ". . . for the reason that it is not a proper declaration of the degree of care which is required of one manufacturing cakes." It was then said that in support of the instruction counsel for plaintiff relied upon *Anheuser-Busch, Inc.,* v. *Southard,* 191 Ark. 107, 84 S. W. 2d 89. In that case appellee's requested instruction No. 1 was given,[4] but in addition Instruction No. 6 was that manufacturers were only required to use ordinary care.

---

[4] The instruction was: ". . . it is the duty of the manufacturer of beverages to be offered for sale to the public to use such care in the manufacture, preparation, and bottling of such beverages as will render them safe for human consumption. . . . If such manufacturers negligently permit foreign substances to be bottled in such beverages, and a purchaser is injured by drinking a bottle of such beverage containing such foreign substance, and on account of such foreign substance, the manufacturer would be liable to such purchaser for such negligence."

The Southard opinion holds that Instruction No. 6 cured the error urged against Instruction No. 1, which would have made the manufacturer an insurer. It will be observed, however, that Instruction No. 1, in the sentence which told the jury that the manufacturer's duty was to produce a beverage safe for human consumption, stated that if the manufacturer *negligently* permitted deleterious foreign substances to contaminate the product to the injury of a consumer, liability would attach. In fact, "negligently" was followed in the same sentence with the statement that the manufacturer would be liable to the purchaser "for *such* negligence."

The instant case is distinguishable from *Anheuser-Busch* v. *Southard* in that Instruction No. 3 offered by Mrs. Aaron makes no mention of negligence. It asserts in a completed sentence without modification of any kind that appellant was required to use such care as would render the cake safe for human consumption. Under the express language the bakery was required to actually produce a wholesome commodity, whereas the law merely adjudges liability if the manufacturer failed to use ordinary care to prevent the consequences appellee complains of.

Of course all instructions are to be read together where that is possible. As we said in effect in *Russ* v. *Strickland,* 144 Ark. 642, 220 S. W. 451, verbal defects and inaccuracies will be disregarded where the instructions as a whole clearly present the issues; and while it is true that the two instructions numbered three, if read as a single direction, would correctly declare the law, yet they were given as separate pronouncements, each available to jurors who would not necessarily read into Instruction No. 3 given at plaintiff's request the language embraced in Instruction No. 3 given at the defendant's insistence. Read separately they are inconsistent and contradictory.

The rule stated in *Darling* v. *Dent,* 82 Ark. 76, 100 S. W. 747, is that prejudice results where the court gives conflicting instructions, and this is particularly true if the conflict is of a nature which may have misled the

jury, although, as was said in *Bain* v. *Ft. Smith Light &
Traction Co.*, 116 Ark. 125, 172 S. W. 843, L. R. A. 1915D,
1021, instructions should not be considered as in conflict
where they can be harmonized; nor can there be conflict
between an instruction giving a general rule and an in-
struction giving an exception thereto. *Bush* v. *Brewer*,
136 Ark. 246, 206 S. W. 322.

The true rule seems to be that instructions, when
taken together, should not be so conflicting as to confuse
or mislead, *not giving the jury a certain guide to follow
in reaching a verdict. Garrison Co.* v. *Lawson*, 171 Ark.
1122, 287 S. W. 396.

It is impossible to know, in a given case, what con-
sideration jurors gave to one instruction as distinguished
from another. We only consider whether (in the light of
experience and the psychology and conduct of mankind
in the average) separate instructions, one being er-
roneous and the other correct, probably resulted in a
verdict against the party who complains of the mistake.

In the case at bar we cannot say the jury did not
believe the law to be that the baking company was a
guarantor of the wholesomeness of its product. Hence,
the judgment must be reversed and the cause remanded
for a new trial.