Brian A. Kronenberger, a Minor, by Cleo Kronenberger, His Mother and Next Friend, Plaintiff-Appellant, v. Mildred I. Husky and William Husky, d/b/a West Side Produce, Defendants-Appellees.

Gen. No. 66–2.

Fifth District.

January 31, 1967.

Cohn, Cohn & Korein, of East St. Louis (Sandor Korein, of counsel), for appellant.

Wagner, Conner, Ferguson, Bertrand & Baker, of East St. Louis (Bernard H. Bertrand, of counsel), for appellees.

GOLDENHERSH, J.

Plaintiff, Brian A. Kronenberger, a minor, suing by his mother and next friend, appeals from the judgment of the Circuit Court of St. Clair County, entered on a jury verdict finding for the defendants, in plaintiff's action for damages for personal injuries.

On July 3, 1962, plaintiff, then 10 years of age, was riding a bicycle in a southerly direction on South Fifteenth Street in Belleville. South Fifteenth Street is a blacktop surfaced street. Route 13, also known as South Belt, or South Belt Line, intersects South Fifteenth Street. At the intersection, there are stop signs posted for north and south traffic on South Fifteenth Street. The weather was good and the street surfaces were dry. Plaintiff was accompanied by his brother, then 12 years of age, and another boy 16 years of age. The boys had ridden a distance of about two blocks on South Fifteenth Street. They were riding on the east side of South Fifteenth Street, and plaintiff was about 25 feet be-

hind his brother. Plaintiff's brother reached the intersection, and crossed South Belt, without stopping. Plaintiff reached the intersection, slowed a little, and proceeded across South Belt.

Defendant, Mildred I. Husky, had turned onto South Belt at Seventeenth Street, and had driven two blocks to the east, toward South Fifteenth Street. She saw no other traffic, either vehicular or bicycles, in the two blocks. She saw plaintiff for the first time as she was "right at the intersection," and "he was right at the South Belt Line." After being struck, plaintiff was dragged on the left front side of defendant's automobile until the car was stopped, and ended up in front of the car.

Defendant's automobile came to rest against a guard post east of South Fifteenth Street, and on the south side of South Belt, knocking the post over. Skid marks starting at the center of the intersection measured 72 feet, 8 inches to the post. The bicycle came to rest 43 feet 6 inches in front of the car, and plaintiff ended up halfway between the car and the bicycle. Defendant did not sound her horn, and did not see plaintiff's brother.

Plaintiff was in the 4th grade and had ridden a bicycle for about 2 years, mostly around a playground near his home. He thought stop signs at intersections were only for cars, and did not know that bicyclists and pedestrians were supposed to stop at stop signs.

■ Plaintiff contends that the court erred in permitting improper argument during defendants' counsel's closing argument. Plaintiff argues that the defendants' attorney inferred that defendants were not insured, and relying upon Pomrenke v. Betzelberger, 41 Ill App2d 307, 190 NE2d 522, and Wise v. Hayunga, 30 Ill App2d 324, 174 NE2d 399, contends that the court erred in failing to strike the argument, or in the alternative, permit plaintiff's counsel to reply to it. We have examined

defendants' closing argument, and in the context in which the statement was made, hold that there was no error in the court's ruling.

██ Plaintiff argues further that the court erred in permitting counsel for defendants, in closing argument, to ask the jury to place itself in the position in which defendant, Mildred Husky, found herself at the time of the occurrence. We have examined the argument and the authorities cited by plaintiff, (see Copeland v. Johnson, 63 Ill App2d 361, 211 NE2d 387) and conclude that counsel here did not go so far in the argument as did counsel in Copeland, and in considering the statement made, in context with the remainder of that portion of defense counsel's argument, hold that the court's ruling was not erroneous.

Plaintiff contends that the court erred in giving defendants' instruction 15. The instruction, marked IPI 70.03—modified, reads as follows:

"At the time of the occurrence in question there was in force in the State of Illinois statutes governing the operation of bicycles as follows:

"(a) Every person riding a bicycle upon a roadway shall be subject to the provisions of this Act (Uniform Act regulating traffic on Highways) applicable to the driver of a vehicle, except those provisions which by their nature can have no application.

"(b) No driver of a vehicle . . . shall disobey the instructions of any official traffic control device placed in accordance with the provisions of this Act, unless at the time otherwise directed by a police officer.

"(c) Every driver of a vehicle approaching a stop sign shall stop before entering the crosswalk on the near side of the intersection or in the event there is no crosswalk shall stop at a clearly marked

stop line, but, if none, then at a point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting highway before entering the intersection except when directed to proceed by a police officer or traffic control signal.

"(d) The driver of a vehicle shall stop as required by the previous quoted section of the statute at the entrance to a through highway and shall yield the right-of-way to other vehicles which have entered the intersection from said through highway or which are approaching so closely on said through highway as to constitute an immediate hazard but said driver having so yielded may proceed at such time as a safe interval occurs.

"If you decide that the plaintiff, Brian Kronenberger, violated the provisions of the statute on the occasion in question, then you may consider that fact together with all the other facts and circumstances in evidence in determining whether or not he was contributorily negligent before and at the time of the occurrence."

Paragraphs (a), (b), (c) and (d) of the instruction purport to quote, or paraphrase, sections 121, 128, 183(c) and 167(a) of Chapter 95½, Ill Rev Stats 1961.

In the conference on instructions, plaintiff objected to the instruction on the grounds that it did not follow the IPI form, was confusing, prejudicial to plaintiff, and unduly accentuated the application of the statutes to riders of bicycles, and would create the impression that the statutory sections were applicable only to bicycle riders. In his brief, plaintiff argues that giving the instruction was prejudicial error for all the above cited reasons, and for the further reason that because plaintiff, at the time of the occurrence, was only 10 years of age, none of the statutes applied to him, and

even if proper in form, the instruction should not have been given.

The record reflects that plaintiff tendered, and the court gave, an instruction in the form of IPI 10.05,[1] and an instruction in the language of IPI 10.06.[2]

██ ██ We are, therefore, confronted with a claim of error on a ground not raised specifically either in the conference on instructions, or in the post-trial motion. The Supreme Court, in Muscarello v. Peterson, 20 Ill2d 548, 170 NE2d 564, at page 555, said, "The court has a duty to see that the rights of an infant are adequately protected, and is bound to notice substantial irregularities even though objections are not properly presented on its behalf." We shall, therefore, examine the instruction in the light of the objections made thereto, both in the trial court, and on appeal.

The Notes on Use of IPI 10.06 state:

> "This instruction cannot be used if the child is under the age of ten. Maskaliunas v. Chicago & W. I. R. Co., 318 Ill 142, 147, 149 NE 23, 25 (1925)."

The Maskaliunas case grew out of injuries suffered by a child 7 years and 10 months of age. The negligence charged in the complaint was the failure of the defendant to comply with an ordinance requiring it to maintain a fence along its right-of-way. The defendant contended that the proximate cause of the minor plaintiff's injury was his violation of an ordinance which made it a misdemeanor to climb upon a railroad car

---

[1] A minor is not held to the same standard of conduct as an adult. When I use the words "ordinary care" with respect to the plaintiff, I mean that degree of care which a reasonably careful child of the age, mental capacity and experience of the plaintiff would use under circumstances similar to those shown by the evidence. The law does not say how such a child should act under those circumstances. That is for you to decide.

[2] The rule I have just stated also applies when a child is charged with having violated a statute.

166

without permission. The court, in disposing of this contention said at page 147: "Appellee being under ten years of age, the statute making it a misdemeanor to climb upon a railroad car without permission has no application to him. Notwithstanding this statute is general in its terms, it must be construed in connection with the statute declaring a child under the age of ten years doli incapax. (McDonald v. City of Spring Valley, 285 Ill 52.)"

In McDonald v. City of Spring Valley, 285 Ill 52, 120 NE 476, cited in the Maskaliunas case, the issue presented was the applicability of a statute requiring notice of injury to be given the defendant city within 6 months of its occurrence. The court, holding the statute inapplicable, at page 55, said: "At common law an infant within seven years of age could not be convicted on a criminal charge, as he was conclusively presumed not to be capable of committing a crime, and between the ages of seven and fourteen he was still presumed to be incapable, but between those ages this presumption might be overcome by proof. These rules of law are based upon the well known fact of the incapacity of children of tender years, and they are not held to the same accountability as are adults. The recognition, by the law, of the status of infants, and of their exemption up to a certain age from liability under the law, is so well known that it must be presumed that the legislature, in enacting such a statute as the one under consideration, did not intend by the general language used to include within its provisions a class of persons which the law has universally recognized to be utterly devoid of responsibility."

In The People v. Lang, 402 Ill 170, 83 NE2d 688, the Supreme Court said, at page 174: "It is first urged on the part of the defendant that there was insufficient proof of capacity on the part of the defendant to sustain a conviction. Before the rule of law was changed

167

in Illinois, under the common law an infant within the age of seven years was incapable of committing a crime; and between the ages of seven and fourteen an infant was presumed to be incapable of crime; and after the age of fourteen had been attained the presumption was that an infant was capable of committing a crime and was responsible for his criminal acts as an adult. (43 CJS, 216.) The rule has now been changed in Illinois by statute which provides, 'An infant under the age of ten years shall not be found guilty of any crime or misdemeanor'. (Ill Rev Stats 1947, c 38, par 591.)"

The Criminal Code of 1961 (c 38, Ill Rev Stats 1961) effective January 1, 1962, contains the following provisions:

> 6-1 "No person shall be convicted of any offense unless he had attained his 13th birthday at the time the offense was committed."
>
> 2-12 " 'Offense' means a violation of any penal statute of this State."

Chapter 95½, sec 234, Ill Rev Stats 1961, provides:

> "It is a misdemeanor for any person to violate any of the provisions of this Act (section 98 et seq. of ch 95½) unless such violation is by this Act or other law of this State declared to be a felony."

Plaintiff argues that Glassman v. Keller, 291 Ill App 262, 9 NE2d 589, is authority for the proposition that an instruction in the language of a statute or ordinance, the violation of which is a misdemeanor, may not be given in the case of a plaintiff below the age of criminal responsibility fixed by the Criminal Code. We do not agree that Glassman so holds; we interpret the opinion as holding that the trial court correctly refused to give the proffered instruction because it failed to advise the jury that in determining whether the plaintiff, in violating the ordinance, was guilty of contribu-

tory negligence, it must consider his age, capacity, intelligence and experience. Under Glassman, giving the instruction to which plaintiff objects would not be error, if the court also gave an instruction in the form of IPI 10.06. For reasons hereinafter set forth, we disagree with the holding in Glassman, and conclude that the giving of IPI 10.06 does not cure the error of giving the instruction based on the statute.

██ In the cases above cited, the rationale of holding statutes inapplicable to a minor under the age of 10, was that the common law rule was changed by legislative enactment. On the effective date of Supreme Court Rule 25–1, ordering the use of Illinois Pattern Instructions, (February 1, 1961) section 591 of chapter 38 was in force and effect, and the notes on use of IPI 10.06 make it clear that instructions regarding a statutory violation should not be given where the child was under the statutory age. Applying the reasoning of Maskaliunas and the other cases cited herein, it follows that since the effective date of the Criminal Code of 1961, an instruction of this kind should not be given if the child is under the age of 13. We must presume that the General Assembly, when it enacted Section 6–1 of the Criminal Code of 1961, was aware of the Supreme Court's decisions in Maskaliunas and McDonald. Haymes v. Catholic Bishop of Chicago, 33 Ill2d 425, 211 NE2d 690. We hold, therefore, that the giving of defendants' instruction No. 15 was reversible error.

Defendants argue that the fact that a child under 13 cannot be convicted of any offense does not preclude the giving of this type of instruction in the case of a child under the age of 13, and cite in support of their contention the cases of Betzold v. Erickson, 35 Ill App2d 203, 182 NE2d 342; Dawson v. Hoffmann, 43 Ill App2d 17, 192 NE2d 695; Ryan v. C. & D. Motor Delivery Co., 38 Ill App2d 18, 186 NE2d 156. A similar conten-

tion was considered and rejected by the Appellate Court in Conway v. Tamborini, 68 Ill App2d 190, 215 NE2d 303, and we agree with the reasoning of the court in that opinion.

Since we hold that the giving of the instruction was error, we do not discuss plaintiff's other contentions with regard thereto.

For the reasons herein set forth, the judgment of the Circuit Court of St. Clair County is reversed, and the cause remanded for a new trial.

Judgment reversed and cause remanded for new trial.

MORAN and EBERSPACHER, JJ., concur.