RANSOM v. MELEGI

1. APPEAL AND ERROR—INSTRUCTIONS TO JURY—PRESERVING QUESTION.

Improper instructions to the jury or failure of the trial court to give a requested instruction are properly before the Court of Appeals only if instructions given by the trial court were objected to or specific instructions were requested of the trial court (GCR 1963, 516.2).

2. NEGLIGENCE—STANDARD OF CARE—CHILD.

The due care of a child for its own safety must be measured by the care an ordinary child of similar age, experience, judgment, and physical and mental development may be reasonably expected to observe under similar circumstances.

3. NEGLIGENCE—STANDARD OF CARE—CHILD—BICYCLE RIDER—STATUTE.

Statute providing that every person riding a bicycle upon a roadway shall be granted all of the rights and shall be subjected to all of the duties applicable to the driver of a motor vehicle *held,* not to impose on a child a duty of care greater than the care an ordinary child of similar age, experience, judgment, and physical and mental development would be expected to observe under similar circumstances, and failure of the trial court so to instruct the jury was reversible error (MCLA § 257.657).

Appeal from Wayne, Charles Kaufman, J. Submitted Division 1 June 10, 1969, at Detroit. (Docket No. 5,404.) Decided July 30, 1969.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 891.
[2, 3] 38 Am Jur, Negligence § 35.

Complaint by Paul A. Ransom, a minor, by his next friend, Paul E. Ransom, and by Paul E. Ransom, against John Melegi and Leola Melegi for damages resulting from injuries suffered by Paul Ransom when he was struck by defendant's automobile. Verdict and judgment of no cause of action. Plaintiffs appeal. Reversed and remanded.

*Prosser, Cowell, Renner & Molineaux,* for plaintiffs.

*Davidson, Gotshall, Halsey, Kohl, Nelson, Secrest & Wardle (George Clark,* of counsel), for defendants.

Before: Fitzgerald, P. J., and Levin and T. M. Burns, JJ.

T. M. Burns, J. The plaintiff was 12 years old when a collision with the defendant's car which resulted in his injuries occurred at the intersection of Southfield and Austin in the City of Lincoln Park, Michigan.

There is a dispute as to how the accident happened. Plaintiff claims to have been standing alongside his bicycle in the left turn lane waiting to cross the remainder of the street. The defendant claims the plaintiff rode out in front of him from the side street.

The plaintiff contends that the trial judge committed reversible error by refusing to give an instruction that a 12-year-old plaintiff's standard of care is to be measured by the standard of care of an ordinary child of similar age, experience, judgment, and physical and mental development.

It first must be noted that, contrary to defendant-appellee's contention, the charge as to standard of

care given by the trial judge was objected to by plaintiff's counsel in a proper and timely manner. GCR 1963, 516.2; 6 Callaghan, *Michigan Pleading & Practice* (2d ed), § 38.133. Therefore, the objection was preserved on the record and is properly before this Court.

The trial court in instructing the jury as to the definition of negligence said:

"Because the measure of care naturally varies in the different circumstances and the jury in each particular case has to establish from the testimony in the case exactly the measure of care which should have been exercised under the circumstances and it is just that amount of care which would or should have been exercised by a man of ordinary intelligence and prudence. That is what we mean in law by the term negligence."

The court further instructed the jury as to the meaning of contributory negligence saying:

"You can assume that it encompasses all the definition of negligence. * * * It is some omission on the part of the plaintiff which an ordinary prudent person would not have done or would not have left undone under the circumstances"

Based on the above charge, it is defendant-appellee's position that since the jury were told that they were to determine the standard of care, and that the jury both saw and heard the child and his testimony, that they necessarily took into account the minor plaintiff's age, experience, judgment, physical and mental development. The trial judge took the same approach in his opinion after hearing argument for a motion for a new trial.

The plaintiff contends that he was entitled to the child standard of care instruction. We agree.

For as we said in *DeNoyer* v. *City of Ann Arbor* (1967), 9 Mich App 26, 29:

"The due care of a child for its own safety must be measured by the care of the ordinary child of similar age, experience, judgment, and physical and mental development may be reasonably expected to observe under similar circumstances. *Denman* v. *Youngblood* (1953), 337 Mich 383."

When the plaintiff is an infant, the child standard of care instruction must be given. *Harris* v. *Crawley* (1912), 170 Mich 381; *Denman* v. *Youngblood, supra,* and cases cited therein; *DeNoyer* v. *City of Ann Arbor, supra.*

We further find that the statute commonly referred to as the bicycle act, MCLA § 257.657 (Stat Ann 1968 Rev § 9.2357) does not, as the trial judge suggested, change the responsibility of the trial court to give the special child standard of care instruction. The statute provides:

"Every person riding a bicycle upon a roadway shall be granted all of the rights and shall be subject to all of the duties applicable to the driver of a vehicle"

See *Nielsen* v. *Henry. H. Stevens, Inc.* (1962), 368 Mich 216; *Shafkind* v. *Kroll* (1962), 367 Mich 42; *Hart* v. *Warners* (1961), 363 Mich 527.

The statute does not purport to change the standard by which a child's care is to be measured. It merely imposes upon a bicyclist the so-called "rules of the road" which govern a driver's rights and duties.

We find that the trial court erred in its refusal to give an instruction which specifically directed that a child's conduct should be measured by the care the ordinary child of similar age, experience, judg-

ment and physical and mental development may be reasonably expected to observe under similar circumstances.

As an additional ground for appeal the plaintiff alleges that the trial court erred in refusing to allow a newly discovered witness to testify. Since we are remanding for a new trial, this witness can be properly endorsed and subjected to discovery before the new trial, thus removing whatever objections the trial court might have had to the admission of his testimony. Since the issue has been mooted by our remand, we do not decide whether the trial court erred in its refusal to allow the witness to testify.

Reversed and remanded for new trial. Costs to appellants.

All concurred.