KENNETH A. DEMERI, AN INFANT BY HIS GUARDIAN AD LITEM, ELAINE E. DEMERI, AND ELAINE E. DEMERI, INDIVIDUALLY, PLAINTIFFS, v. JOSEPH F. MORRIS AND KENNETH F. MORRIS, DEFENDANTS.

Superior Court of New Jersey
Law Division Morris County

Decided September 13, 1983.

*Anthony Stuart,* for plaintiffs.

*William O'Reilly,* for defendants.

MacKENZIE, J.S.C.

An infant[1] party in a negligence trial is entitled to an instruction that a jury must consider his age and intelligence, as well as his experience and capacity to understand and to avoid the danger to which he was exposed in the actual situation. *Goss v. Allen*, 70 *N.J.* 442, 447–448 (1976). Thus, a child's conduct is to be measured by what can be expected of the average child of the same age, having the same judgmental capacity. *See Bush v. N.J. & N.Y. Transit Co.*, 30 *N.J.* 345 (1959). An exception to this general rule, however, is that an infant is to be held an adult standard of care where he engages in "an activity which may be dangerous to others and normally is undertaken only by adults." *Goss v. Allen*, 70 *N.J.* 442, 446, *supra.* The adult standard is objective; the infant standard is more subjective. The precise issue before the Court is by what standard a jury should evaluate the conduct of a 12-year old child who operates a dirt bike[2] on a public roadway where he is injured in a collision with an automobile?

On September 19, 1979, Kenneth Demeri (Kenneth), the unlicensed infant plaintiff, was riding his unregistered, uninsured motorcycle in Lynn Park which is owned and maintained by the Borough of Lincoln Park. This parkland was regularly used by juveniles and others as a practice course over which to run their dirt bikes. Lynn Park is located directly across Curtis Drive, a municipal road, from Kenneth's home. Curtis Drive in this neighborhood runs north and south.

When Kenneth's father observed the boy riding alone, he sent another Demeri child to order the boy home immediately.

---

[1] Eighteen years of age is the age which a person is held to adult responsibility in tort matters. *Goss v. Allen*, 70 *N.J.* at 449, *supra; N.J.S.A.* 9:17B–1 *et seq.*

[2] A dirt bike was described at trial as a small unregistered, uninsured motorcycle which is designed for off-road operation. The type of vehicle is clearly a "motor vehicle" as defined in *N.J.S.A.* 39:1–1 and as used generally throughout the regulatory provisions of Title 39, the Motor Vehicle and Traffic Act.

Kenneth had previously been instructed by his parents never to ride his motorcycle in the park without supervision. His father had also instructed Kenneth never to drive the dirt bike on Curtis Drive, but rather to walk it over the public thoroughfare when returning home from the park. Kenneth had received no instruction from his father respecting traffic regulations for public roads.[3]

To return home, it was necessary for Kenneth to cross Curtis Drive directly from west to east. For whatever reason, he elected to return home without dismounting from the moving dirt bike. Whether he paused at the curb and made observations of the vehicular traffic on Curtis Drive was a factual question. *N.J.S.A.* 39:4–66.1 requires "(t)he driver of a vehicle ... about to enter or cross a highway ... shall yield the right of way to all vehicles approaching on said highway." Nevertheless, Kenneth proceeded to drive across the paved surface of Curtis Drive toward his house and into the path of an oncoming automobile.

At about the same time, an automobile driven by defendant Joseph F. Morris moved away, southbound, from its parking place on the east side of Curtis Drive.[4] Apparently, Morris had driven out from behind a legally parked car, which partially obscured his vehicle from view. Unfortunately, the predictable did occur: there was a collision between the car and Kenneth's dirt bike toward the middle of Curtis Drive. The impact

---

[3]Rules governing operation of motor vehicles on public roads are contained in Title 39, *N.J.S.A.* 39:4–1 *et seq.*

[4]Morris admittedly was parked facing south on the east side of Curtis Drive, behind another vehicle which was also stationary, but facing north. Thus, he was on the left hand side of the roadway. *See N.J.S.A.* 39:4–135. He did not drive his car on the right hand side of the road prior to impact. *See N.J.S.A.* 39:4–82.

produced severe and permanent injuries to Kenneth. A close jury question as to liability was presented.[5]

The Supreme Court in *Goss* recognized "that certain activities [like snow skiing] engaged in by minors are so potentially dangerous as to require that the minor be held to an objective standard of care." 70 *N.J.* at 447. Plaintiff concedes that the focus for the jury should be the activity engaged in, not the party status of the infant. When an infant engages in an activity normally undertaken only by adults and for which adult qualifications are required, legal fault must be evaluated in the context of the danger implicit in the activity, not the infant's perception of the danger or lack thereof. *Restatement of Torts* (second), § 283A (1965). Hence, whether the party is a plaintiff or a defendant is immaterial to the law of torts.

Plaintiff contends that riding a dirt bike is a child's activity. No direct evidence was produced to establish this proposition. Testimony did tend to establish that juveniles regularly used Lynn Park as a practice course for their motorcycles. The Borough either permitted, or at least tolerated, this use of public land. In support of this proposition, plaintiff points out that operation of a motor vehicle on park land does not require a license unless the interior roadways are used. *See N.J.S.A.* 39:5A-4. Obviously, Kenneth was too young to qualify for a driver's license to drive any motor vehicle over a public highway. *N.J.S.A.* 39:3-10.[6]

---

[5]The jury attributed negligence to the two vehicle operators and apportioned their respective negligence at 60% to Kenneth, 40% to Morris. The court molded the verdict to one of no cause of action.

[6]In *dicta,* the *Goss* majority cited operating a motor vehicle or motorboat, and hunging as examples of potentially hazardous activities. The Court emphasized that under New Jersey law, minors must demonstrate a sufficient degree of adult competence in order to be licensed to engage in these activities. 70 *N.J.* at 447. *See also, N.J.S.A.* 139:3-10 (motor vehicle licensing) *N.J.S.A.* 23:3-4.2 and 23:3-4.6 (hunting licensing). The examination requirement for motorboat operators has been repealed, 1919 *N.J.Laws,* Ch. 233, § 5, as amended by 1954 *N.J.Laws,* Ch. 236, § 8 is no longer the law. See 1954 laws, Ch. 236, § 35, 1962, *N.J.Laws,* Ch. 73 § 19.

Morris argues that the court must look to where the infant performs the particular act under consideration. This Court agrees. Regardless of whether riding a dirt bike is an activity generally enjoyed in by infants or adults, a dirt bike is a motor vehicle and the incident occurred on a public road. This activity is not only dangerous to the infant driver, but creates a risk of harm to others. Once any individual chooses to operate a motor vehicle over a public thoroughfare, he must do so with alertness, perception and caution so as not to injure any other person who may be lawfully on the roadway. *See Ambrose v. Cyphers*, 29 *N.J.* 138 (1959).

The rule. is consistent with the realities of modern traffic regulation and control because all drivers have the right to expect reasonable care from other drivers. They are entitled to assume that other persons using the roadway are capable and adult. No driver would have to anticipate that another motor vehicle is being operated by an unlicensed inexperienced infant. Public policy should require that all motor vehicles are to be operated in a uniformly reasonable safe manner on highway.

Because of the Comparative Negligence Act, *N.J.S.A.* 2A:15–5.1 *et seq.*, there is no need for a dual standard depending on whether the infant is the injured party or the tortfeasor. Once an infant chooses to operate any motor vehicle over a public road, the standard of reasonable care applies. Children who drive negligently over a public road cannot benefit from their age. All must be judged by the same criterion. The jury will be charged that Kenneth's negligence must be tested by an adult standard of reasonable care.