206 N.J. Super. 95 (1985)
501 A.2d 1036
GREGORY SCHOMP AND JOHN SCHOMP, PLAINTIFFS-APPELLANTS,
v.
DAVID WILKENS, BY HIS GUARDIAN AD LITEM, PHILIP LEEN, AND FREDERICK WILKENS, AND VIRGINIA WILKENS, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 21, 1985.
Decided December 9, 1985.
*96 Before Judges J.H. COLEMAN and LONG.
Jerome Krueger argued the cause for appellants (Krueger & Krueger, attorneys).
Gerard H. Hanson argued the cause for respondents (Brener, Wallack & Hill, attorneys).
*97 The opinion of the court was delivered by LONG, J.A.D.
This case involves the novel question of the interplay between the legislatively expressed intent to regulate bicyclists in accordance with motor vehicles statutes and the deeply rooted principle of our jurisprudence that in assessing negligence children ordinarily are to be measured against a standard of care which would be exercised by one of similar age, judgment and experience.
Here plaintiffs, Gregory Schomp and his father, John, challenge a trial court judgment entered upon a jury verdict of no cause for action in connection with the complaint they instituted against David Wilkens.[1] The complaint alleged that Gregory was injured in a bicycle collision as a result of the negligence of David Wilkens who was riding the other bicycle involved in the accident. Answers were filed and the case proceeded to trial where the following facts were established.
On June 16, 1981 Gregory Schomp, who was then 17 1/2 years old, was riding his bicycle near his home in Watchung. Proceeding down Washington Drive, he made a right turn onto Scott Drive which is in a recently developed residential area. There were no cars travelling on the street or parked between the corner of Washington Drive and the scene of the accident. Gregory was riding about two feet from the curb and looking straight ahead. He estimated his speed to be approximately 10 m.p.h. As he rode down a slight decline, gently applying his brakes to maintain a constant speed, he was struck by the bicycle ridden by David Wilkens who was exiting his driveway on Scott Drive. As a result of the collision Gregory was injured. The Wilkens' driveway declines sharply to the street. There is sufficient foliage surrounding the Wilkens' driveway to prevent a clear view of it on approach from Washington *98 Drive. Gregory testified that he neither saw David approach nor heard any kind of warning. David presented no evidence at trial. The trial judge instructed the jury, over the Schomps' objection, that the standard of care for a minor is that exercised by a person of similar age, judgment and experience. He declined to charge the jury, as requested by the Schomps on the effects of violation of the motor vehicle statutes relevant to the situation. The jury returned a verdict of no cause for action and this appeal ensued in which the Schomps claim that a reversal is warranted because the trial judge erroneously instructed the jury as to the applicable standard of care, improperly declined to charge violations of the motor vehicle statutes as evidence of negligence and because the verdict was against the weight of the evidence.
We begin with the Schomps' claim that the trial judge erred when he described the standard of care applicable to this case: "... the law tells us that the degree of care required of a child is such as is usually exercised by a person of similar age, judgment and experience." We view this instruction as entirely proper. In this respect, we conceive the Schomps' reliance on Goss v. Allen, 70 N.J. 442 (1976) to be misplaced. In Goss, the plaintiff was injured in a skiing accident with a 17 year old skier. Faced with the question of the standard of care applicable to the minor skier, the Appellate Division ruled that because skiing is an adult activity, an adult standard of care is appropriate. The Supreme Court reversed holding that while "certain activities engaged in by minors [for example, hunting, driving, operating a boat] are so potentially hazardous as to require that the minor be held to an adult standard of care ..." [70 N.J. at 447] skiing, as a recreational activity engaged in by persons of all ages, is governed in each individual case by the standard applicable to the age of the person so engaged. Ibid. The Schomps here contend that bicycle riding is a "hazardous" activity as described in Goss and urge that because of the hazard the standard which ordinarily would have applied to David as a minor should have been replaced by an adult *99 standard. We reject this argument. Bicycling is an ordinary recreational activity engaged in by persons at every stage of life from babyhood to old age. As is true with other relatively innocuous activities it is, of course, possible to ride a bicycle in a dangerous manner. Generally however bicycling is viewed as a safe method of exercise and recreation. To accept the Schomps' view of bicycling as hazardous within the intendment of Goss would require us to conclude that it is more dangerous than skiing, a quantum leap we are not prepared to venture. In our view it is not such a hazardous activity to warrant application of an adult standard. Accord Bixenman v. Hall, 251 Ind. 527, 242 N.E.2d 837 (Sup.Ct. 1968).
Nor are we persuaded to the contrary by the Schomps' argument that in analyzing this issue it is critical to consider the provisions of N.J.S.A. 39:4-14.1 which require bicyclists to obey the motor vehicle statutes. Clearly, as we will discuss more thoroughly in this opinion, the motor vehicle statutes are relevant to a charge of negligence made against a bicyclist. But this is a far cry from concluding, as the Schomps urge that the applicability of these statutes in itself evidences a strong legislative expression as to the dangerousness of bicycling which translates into the "hazardousness" described in Goss.
Although no New Jersey court has ever addressed this precise issue, the courts in several other jurisdictions have been faced with the question of the interplay of a statute applying the rules of the road to bicycling and the question of the appropriate standard of care for a child bicyclist. In Williams v. Gilbert, 239 Ark. 935, 395 S.W.2d 333 (Sup.Ct. 1965) a seven year old plaintiff was injured when his bicycle was struck by defendant's pick-up truck in Arkansas which has a statute virtually identical to N.J.S.A. 39:4-14.1. The Supreme Court of Arkansas ruled that nothing in the statute required the same treatment of an offender whether he be an adult or a child. 395 S.W.2d at 335. Although a minor driving the motor vehicle would be held to an adult standard of care, the court noted that *100 automobiles pose an inherent risk to others, while a bicycle "poses no threat of serious injury to anyone except the child himself." Id. Similarly, in Ransom v. Melegi, 18 Mich App. 476, 171 N.W.2d 482 (Ct.App. 1969), the issue was the standard of care governing the behavior of a 12 year old bicyclist who was struck by defendant's car. A state statute similar to N.J.S.A. 39:4-14.1 was also implicated. The defendant argued, as do the Schomps, that this was a legislative expression of the dangerousness of bicycling which required that the child to be tested by an adult standard of care. The Court of Appeals of Michigan disagreed: "The statute does not purport to change the standard by which a child's care is to be measured. It merely imposes upon a bicyclist the so-called `rules of the road' which govern a driver's rights and duties." 171 N.W.2d at 483. In each of these cases the appropriate standard of care was held to be that of a child of similar age, experience and judgment under similar circumstances. It should be noted that both Williams and Ransom were cited with approval in Goss and there is no contrary authority in any jurisdiction. Rather the great weight of authority supports the application of the child's standard of care to a minor bicyclist. E.G. Caradori v. Fitch, 200 Neb. 186, 263 N.W.2d 649 (Sup.Ct. 1978); Thornton v. Pender, 268 Ind. 540, 377 N.E.2d 613 (Sup.Ct. 1978); Jordan v. Bero, 158 W. Va. 28, 210 S.E.2d 618 (Sup.Ct.W. Va. 1974); Finch v. Christensen, 84 S.D. 420, 172 N.W.2d 571 (Sup.Ct. 1969); House v. Lauritzen, 237 A.2d 134 (Sup.Ct.Del. (1967); Kronenberger v. Husky, 79 Ill. App.2d 161, 223 N.E.2d 712 (1967). See also Donohue v. Rolando, 16 Utah 2d. 294, 400 P.2d 12 (Sup.Ct. 1965). The only cases which have applied an adult standard of care to children have involved activities which clearly pose substantial risk of injury to others. One of the cases cited by plaintiffs, for example, deals with a 12 year old who seriously injured another 12 year old with a pistol. Kuhns v. Brugger, 390 Pa. 331, 135 A.2d 395 (Sup.Ct. 1957). Similarly, an adult standard is applicable to a minor who causes injury to another while playing golf because a golf ball, like a power-driven *101 vehicle, is a dangerous instrumentality. Neumann v. Shlansky, 58 Misc.2d 128, 294 N.Y.S.2d 628 (Co.Ct. 1968), aff'd o.b. 63 Misc.2d 587, 312 N.Y.S.2d 951 (App.Term. 1970), aff'd 36 A.D.2d 540, 318 N.Y.S.2d 925 (App.Div. 1971). Likewise, riding a dirt bike or motorcycle is an activity similar to those hazards referred to in Goss (boat and car operation) and properly invokes an adult standard. Demeri v. Morris, 194 N.J. Super. 554 (Law Div. 1983).
In sum, we are satisfied that the trial judge properly charged the jury that David Wilkens' conduct was to be evaluated by the standard applicable to a person of "similar age, judgment and experience."
However, we have concluded that the trial judge erred in refusing to charge violation of the applicable motor vehicle statutes as evidence of negligence. N.J.S.A. 39:4-14.1 provides that persons riding a bicycle on the roadway "shall be granted all the rights and shall be subject to all of the duties applicable to the driver of a vehicle under chapter 4 [rules of the road] ..." Based on this statute the Schomps requested the trial judge to charge failure to stop before emerging from a driveway (N.J.S.A. 39:4-66) and failure to yield to a vehicle approaching on the street (N.J.S.A. 39:4-66.1) in connection with their claim as to David Wilkens' negligence. The request was denied. Wilkens argues that the Legislature did not intend children who ride bicycles to be strictly held to the standards embodied in the motor vehicle statutes, citing N.J.S.A. 39:4-203.3 which provides:
Notwithstanding the provisions of Title 39 of the Revised Statutes to the contrary, a juvenile under the age of 17 who commits an act which constitutes a violation of that Title pertaining to pedestrians and bicycles may be warned of the violation by a police officer or may be subject to a fine not to exceed $10.00. No points shall be assessed pursuant to section 1 of P.L. 1982, c. 43 (C. 39:5-30.5) for these violations.
In our view, nothing in this statute would suggest that children are not required to obey the motor vehicle laws. The import of *102 the statute is to ameliorate penalties and not to obliquely temper the need for minors to obey the law.
In this case the Legislature has unequivocally articulated the standards by which bicycle riders, adults or minors, must abide and the trial judge erred in not instructing the jury accordingly; to wit: that the violation of a safety statute which proximately results in injury to a plaintiff is not negligence per se, but is evidence of negligence which the jury should consider in its determination of negligence. Horbal v. McNeil, 66 N.J. 99, 103 (1974); Mattero v. Silverman, 71 N.J. Super. 1, 9, (App.Div. 1961), certif. den. 36 N.J. 305 (1962). Here the judge should have advised the jury of the existence of N.J.S.A. 39:4-14.1, N.J.S.A. 39:4-66 and N.J.S.A. 39:4-66.1 and indicated that if a violation of one or more of those statutes was found, it should be considered by the jury "along with all the other relevant circumstances, in arriving at their ultimate determination of negligence.... what probative weight, if any, they may wish to accord that violation is a matter for the jury's assessment." Horbal, 66 N.J. at 104, .
It is here incidentally that we part company with the decision of the Supreme Court of Utah in Donahue v. Rolando, supra which is cited by Wilkens for the proposition that the application of the child's standard of care in a bicycle accident case involving a minor would somehow eliminate the need for a charge on the violation of the motor vehicle statutes as evidence of negligence. We see absolutely no overlap or conflict in these charges. Accord Caradori v. Fitch, supra; Jordan v. Bero, supra; Finch v. Christensen, supra. Indeed, the situation is theoretically no difference than one involving a charge on the application of the ordinary standard of care and a statutory violation as evidence of negligence where an adult is involved. We note also that other cases cited by Wilkens in opposition to the statutory instruction are entirely inapplicable. Santor v. Balnis, 151 Conn. 434, 199 A.2d 2 (Sup.Ct. 1964) involves the reversal of a trial court charge that violation of the motor vehicle statutes constitutes negligence per se and in *103 Fowles v. Dakin, 160 Me. 392, 205 A.2d 169 (Sup.Ct. 1964) by statute bicyclists were not deemed to be bound by the rules of the road.
We hold therefore that the trial judge erroneously declined the requested charge on violation of the motor vehicle statutes as evidence of negligence. His failure to so charge cannot be viewed as harmless since the violation of a legislatively recognized standard could well be considered important evidence of negligence by a jury faced with facts such as those here presented. Thus reversal and remand for a new trial with proper instructions are required. This obviates the need for a ruling on the Schomps' weight of the evidence claim.
The judgment of no cause for action is reversed and the case remanded for a new trial. We do not retain jurisdiction.
NOTES
[1] David Wilkens, a minor, was represented in this action by his guardian ad litem, Philip Leen. His parents, Frederick and Virginia Wilkens were named as co-defendants in the complaint but were dismissed by the trial judge at the end of plaintiffs' proofs. That dismissal is not the subject of this appeal.